O. C. CHAPIN v. PUTNAM SUPPLY COMPANY ET AL.

No. 6276. Decided November 28, 1935.
(76 S. W., 2d Series, 469.)

*G. E. Smith,* of Comanche, for plaintiff in error.

The facts showing no injury to either of the appellants by the use of the pleadings made by the jury, no reversible error is presented, on account of the action of the trial court in so permitting the jury, at their request, to have the pleadings of the parties in their deliberation. Washington Fid. Ins. Co. v. Williams, 33 S. W. (2d) 796.

*Willkinson & Willkinson* and *Callaway & Callaway,* all of Brownwood, for defendants in error.

Article 2193, Revised Statutes of 1925, does not contemplate that the jury may take with them, on their retirement to the jury room, the pleadings in the case. The manifest reason for this is that the office and purpose of pleadings, and the limitations thereon, are not commonly understood by a jury; and that the allegations therein are calculated to be taken as evidence, and to influence and mislead the jury in the rendition of their verdict. Consequently, it was error for the court to permit the jury to take with them to the jury room, plaintiff's petition, not admitted in evidence, where, as the evidence shows, same was used by them as an aid in arriving at their verdict. Hall v. Cook, 117 S. W., 449; City of Ft. Worth v. Young, 185 S. W., 983; 29 Cyc., p. 808, sec. C.

MR. JUDGE SHARP delivered the opinion for the Commission of Appeals, Section A.

This appeal involves the construction of Article 2193 of the Revised Civil Statutes of 1925, which, in part, reads as follows:

"The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused."

A writ of error was granted on account of the conflict of opinions by the Courts of Civil Appeals in construing the foregoing article. In the case of Washington Fidelity National Insurance Co. v. Williams et al., 33 S. W. (2d) 796, the Court of Civil Appeals held that it was not reversible error for the jury to have the pleadings during the deliberations of the case, unless injury is shown. In the instant case, 45 S. W. (2d) 283, the Court of Civil Appeals at Eastland held to the contrary. Chief Justice Hickman, in rendering the opinion, in part, said:

"After the jury retired to consider its verdict, it sent a request to the presiding judge that it be furnished with all of the pleadings which had been used on the trial of the cause. This request was complied with, and all of the active pleadings were delivered by the trial judge to the sheriff, who in turn delivered same to the jury. In the respective motions of appellants for a new trial, the action of the trial judge in this respect was assigned as error. Evidence was introduced upon the hearing. The evidence consisted of the testimony of three of the jurors and the respective attorneys. This evidence had to do with the question of whether injury resulted from this action of the trial court, and the further question of whether appellants waived the whole matter by failure to object to the court's action in furnishing the pleadings to the jury. * * *

"Prior to the revision of 1925, this article provided: 'The jury may take with them in their retirement the charges and instructions in the cause, the pleadings and any written evidence, except the depositions of witnesses. * * *'

"It thus appears that there is now no statutory authority for delivering the pleadings to the jury for its consideration in arriving at a verdict. The final title of R. S., 1925, sec. 2, provides: 'That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed.'

"The application of that section to the above quoted article makes it conclusive that the Legislature intended to repeal that provision of the article giving authority to the trial judge to furnish the jury with the pleadings. Aside from this provision of the final title, under a well-settled rule of statutory construction, the annulment by the Legislature of the provision with regard to pleadings clearly evidenced a legislative intent to change the law. American Indemnity Co. v. City of Austin, 112 Texas, 239, 246 S. W., 1019; Bryan v. Sundberg, 5 Texas, 418; Stirman v. State, 21 Texas, 734; Turnstall v. Wormley, 54 Texas, 476; State of Texas v. Travis County, 85 Texas, 437, 21 S. W., 1029; Schley v. Hale, 1 White & W. Civ. Cas. Ct. App., secs. 930, 933.

"We therefore conclude that under our present statute it is error for the trial court to permit the jury to take the pleadings with them in their retirement.

"* * * * *

"We think the correct rule is that stated by Judge Speer in Bell v. Blackwell (Tex. Com. App.), 283 S. W., 765, 767, as

follows: 'So that, there being error in the proceedings through which plaintiffs in error lost their case, the cause should be remanded, unless it affirmatively appears from the record that such error was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect.'

"This rule applies to errors generally, such as the admission or rejection of evidence, improper argument of counsel, and misconduct of the jury. No reason is perceived why the same rule should not apply to the error of the court in furnishing a jury with the pleadings in the case. Applying this rule to the instant case, we are unable to hold that this error was harmless. The pleadings involved many issues, claims, and counterclaims. The testimony of the jurors taken upon the motion for new trial discloses that these pleadings were employed as evidence. The least that could be said would be that we have grave doubts as to the harmful effect of the error. We should probably hold, if the rule required a holding on the question, that the evidence disclosed injury resulting to appellants from the use made by the jury of the pleadings. But, be that as it may, we are well convinced that an affirmative showing that no injury resulted is not disclosed.

"The contention is made that appellants' attorneys waived this error by their failure to make timely objection. The bills of exceptions, with their qualifications, and the evidence on this question have been fully considered. To set them out in this opinion would prolong it unduly. We think it sufficient to state that no waiver is disclosed. There is no authenticated finding by the trial court, nor does the evidence establish that the attorneys knew these pleadings were being furnished to the jury, and certainly without knowledge they could not waive by failing to object. The bill of exceptions prepared by the court merely states that 'to the best of my knowledge Mr. Callaway was in the court room and knew about when the pleadings were sent to the jury or when the documentary evidence was sent to them, as the pleadings were sent to the jury room upon their request before the documentary evidence was sent.' This is clearly not a positive certificate by the court that Mr. Callaway knew when the pleadings were sent to the jury."

The Legislature evidently intended by the change made in the article to permit the jury to take with them in their retirement the charges and instructions but not the pleadings in the cause. It is well known that in many causes·allegations are embraced in the pleadings not supported by testimony intro-

duced during the trial. It is manifest that the change was made to meet this very situation and to prevent the pleadings from being improperly used as evidence. It is not the policy of the law to impose the burden of showing harmless error upon the person whose rights have been transgressed. That burden rests upon the person in whose favor the transgression was made. The rule has been announced, and is adhered to by this court, that when improper argument has been made, the adverse complaining party is entitled to a reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. A bill of exceptions, based on improper argument of counsel, need not negative any possible effect or state of attending circumstances that would render the objectionable matter non-prejudicial or affirmatively show that the offending argument was not in reply to or provoked by that of opposing counsel. Texas Indemnity Ins. Co. v. Dan McCurry (Com. App.), 41 S. W. (2d) 215; 78 Am. Law Rep., 760, and the authorities cited therein. The foregoing rule has been extended to the admission or rejection of evidence. Bell v. Blackwell, supra; Davis v. Hill (Tex. Com. App.), 298 S. W., 526.

■■ It, therefore, follows that if the pleadings taken by the jury in their retirement and consideration of the case contain matters that could be improperly used as evidence, that this violates the statute and, unless waived, constitutes error. We do not mean to hold that it would be error in all cases for the jury to take with them in their retirement the pleadings in the case. The test to be applied is whether or not, under all the facts and circumstances surrounding the trial, the verdict has been probably affected by the use of the pleadings in violation of the statutes. The burden rests on the party receiving the benefit therefrom to show that the error was harmless. The construction of the foregoing article given by the Court of Civil Appeals at Ft. Worth in the case of Washington Fidelity National Insurance Co. v. Williams et al., and any similar ruling made by any other court of civil appeals, is expressly overruled, and the construction given the article by the Court of Civil Appeals at Eastland in this case is approved.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 28, 1934.