## SONKEN–GALAMBA CORPORATION v. HILLMAN.

### No. 4804.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1937.

Rehearing Denied Jan. 3, 1938.

854

Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for plaintiff in error.

L. B. Godwin and Works & Bassett, all of Amarillo, for defendant in error.

JACKSON, Chief Justice.

This suit was instituted in the district court of Hutchinson county by the appellee, M. J. Hillman, against the appellant, Sonken-Galamba Corporation, to recover the sum of $2,900 for personal injuries alleged to have been sustained by him on account of the negligence of appellant.

The appellee alleged that the appellant was engaged in the business of the purchase, accumulation, preparation for loading and shipping by rail, junk material consisting of iron pipes and other metal material, collected and placed near the railroad. That in order to load the junk for shipment, it was necessary to cut the pipe and other metal into convenient length, and such cutting was done by shears operated by an electric motor.

He describes in detail the premises; the location of the piles of the junk, and the method of preparing the material for loading; says that while working for appellant he was directed by Jess Ennis, the manager, to take pipe which required cutting and push the end thereof between the blades of the shears so as to cut it into pieces about five feet in length; that he

was required to do this work without assistance, and while thus engaged, took hold of the end of a pipe about two inches in diameter and twenty feet in length, which was twisted and entangled with other pipe and metal in the junk pile, and in trying to pull it loose, one end slipped into the shears, and a piece was cut off and thrown with great force and violence against appellee's face and head; that under the circumstances, surroundings, and dangers of the work, the pipe was heavier than he should have been required to handle by himself, but the appellant, with notice thereof, failed to provide help, and such failure was negligence and a proximate cause of the injuries and damages suffered by appellee.

He also alleged that the junk material was located in such close proximity to the shears and loading track that there was insufficient room for handling, moving, and placing the pipe in the shears, and the cut pieces were frequently thrown beyond where appellee was required to stand to untangle the pipe and feed it into the shears; and appellant failed to furnish appellee with a reasonably safe place to work, which was negligence and a proximate cause of his injuries and damages.

The appellee sets out in detail the injuries he sustained, and pleads that appellant was eligible to carry workmen's compensation insurance under the laws of Texas; that the business it conducted was included in the Compensation Law; that it had more than three employees regularly employed, but did not have or carry such insurance; and the appellee's rights are determinable in this case under the law as affected by said condition.

The appellant filed a general demurrer and specially excepted to the allegations in which appellee pleads that appellant did not carry workmen's compensation insurance and excepted to any reference to such failure, because such allegations were immaterial, irrelevant, and prejudicial. It answered by general denial, admitted that it was engaged in buying, accumulating, and selling junk; that it was necessary to cut the pipe and other iron into pieces convenient for loading and shipping; and alleged that its business and the shears in their operation were inherently dangerous, all of which was known to appellee; that notwithstanding this, he accepted and engaged in the work and thereby assumed all the risk of such dangers as were inherent in the work and business engaged in by appellant.

In response to the special issues submitted material to this appeal, the jury found that appellee was required to handle and move pipe at the time he was injured without any assistance; that such pipe could not safely be handled by one man; that it was negligence to require appellee to handle such pipe alone, and such negligence was a proximate cause of his injury; that appellant failed to furnish appellee a reasonably safe place in which to work, and such failure was negligence and a proximate cause of his injury; that appellee was damaged in the sum of $2,900; that his injuries did not arise from dangers inherent in the work and that he did not have equal opportunity with appellant to know of the inherent dangers, if any, of the work.

On these findings, appellee recovered judgment against appellant for the sum of $2,900, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, and all costs of suit.

The exception of appellant leveled at the allegation asserting that it did not carry compensation insurance was overruled. When this ruling was made, the answer of appellant had been filed and contained no plea urging contributory negligence, the negligence of a fellow servant, nor assumed risk, as a defense.

The record discloses that while the attorney for appellee was interrogating the jurors relative to their qualifications to try the case, he asked one whether or not any relative or employer of his had ever been sued where there was no compensation insurance carried. On the objection of appellant that such matters were immaterial and prejudicial and would, in effect, tell the jury that such conditions existed in this case, the question was withdrawn and not answered. Appellant then objected and reserved an exception to the question having been asked, and the court instructed the jury not to consider it for any purpose.

The attorney for appellant then made a motion to declare a mistrial, presenting as the reasons that the question asked was tantamount to telling the jury in the instant case that appellant did not carry compensation insurance, and such reference was highly prejudicial and could not be removed by the instruction of the court.

The attorney for appellee, by withdrawing the question asked the juror, and the court in directing the jurors not to consider such question for any purpose seem to indicate their recognition of the fact that the eligibility of appellant or its failure to obtain compensation insurance was wholly disconnected with the cause of action or defense and was, therefore, irrelevant and improper. However, the motion to declare a mistrial, as had been the exception to the allegations that appellant did not carry compensation insurance, was overruled and on the trial proof admitted to show that appellant was eligible to, but did not carry, compensation insurance.

The appellant challenges as error the action of the court in overruling its exception to the allegations pleading that it did not carry workmen's compensation insurance, the overruling of its motion to declare mistrial, and its objection to the admission of testimony to show that it did not carry such insurance.

Appellee's contention is that the rulings complained of do not constitute error, but that if such rulings are erroneous, they were harmless and do not constitute reversible error, because (a) the exceptions and objections urged were too general; (b) appellant fails to show that it suffered injury therefrom; and (c) the record shows without dispute that appellant was eligible to become a subscriber under the Workmen's Compensation Law; and other evidence of such facts besides the testimony. complained of was admitted without objection.

While appellant's exceptions and objections are general, the court was advised in the motion to declare a mistrial that the question asked the juror was tantamount to telling them that appellant did not carry compensation insurance. Immaterial and irrelevant allegations are such as are not pertinent and have no relation to the controversy which should affect the decision of the court. Testimony is immaterial and irrelevant when it has no tendency to prove or disprove any issue involved in the cause of action or defense. The admission of testimony is prejudicial if reasonably calculated to erroneously affect the jury in reaching its verdict. Inasmuch as the allegations at which the exception was leveled were not pertinent and the testimony admitted did not tend to prove or disprove any issue

involved, we think that, considering the motion, the exceptions, and objections, together, it is obvious that the court was sufficiently advised of the specific matter of which appellant was complaining.

The appellant, as above indicated, had not pleaded either that the appellee was guilty of contributory negligence or that the injury was caused by the negligence of a fellow servant, or that he had assumed the risk of the injury incident to his employment. Section 1 of article 8306 inhibits any of these as a defense for a nonsubscriber who is eligible to carry compensation insurance, but such inhibitions are the only penalties imposed by law upon an employer who fails to carry such insurance.

In Smith v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 100 S.W.2d 1041, 1042, it was alleged, in substance, that since the employer had more than three employees engaged in work, it had the duty of carrying compensation insurance, but failed to do so, for which reason it was not allowed to offer as a defense contributory negligence, the negligence of a fellow servant, or that the employee had assumed the risk of injury. In sustaining an exception thereto, the court said: "Appellee had not pleaded either of the defenses of contributory negligence, negligence of a fellow employee, or assumption of risk, which defenses are denied an employer eligible to become a subscriber, but who has failed to do so. Article 8306, § 1, Vernon's Ann.Civ.St. Under such situation we are of the opinion that the action of the trial court was correct. If appellee had pleaded any or all of such defenses, then it would have been material for appellant to have shown that facts existed making the . Workmen's Compensation Law available to appellee, but that it had not complied therewith and was therefore by law denied such asserted defenses. Appellee not having pleaded such defenses, it was certainly not incumbent upon the appellant to allege that appellee was subject to the terms of said law, but had not become a subscriber. Appellant should not have been permitted to plead that appellee was deprived by law of certain defenses which appellee in fact had not attemped to plead, thereby anticipating a possible defensive plea not asserted. The defenses of assumed risk, contributory negligence, and negligence of a fellow employee are essentially defen-

sive issues, which must be pleaded by a defendant before it can take advantage thereof." Authorities cited.

■ In the instant case the appellee was not only permitted to plead that appellant carried no compensation insurance, which implied its eligibility so to do, but also allowed to prove that no such compensation insurance was carried under the law of Texas.

Under this record and the authorities, appellant's eligibility to obtain, and its failure to secure, compensation insurance constituted no part of appellee's cause of action and no part of appellant's defense, and neither the pleading nor proof of such facts could throw any light upon any issue properly involved in the case.

It is apparently settled that the court was in error in overruling appellant's exceptions to the averment that appellant did not carry compensation insurance.

■ The appellee testified that appellant had eight or nine employees working regularly at the time he was injured, to which testimony appellant claims to have objected and reserved its exception.

The appellee asserts that this testimony was admitted without objection, but if the objection thereto is considered and the admission thereof was error, it was harmless because other testimony introduced without objection showed conclusively that the appellant had regularly employed a sufficient number of men to become a subscriber. If we concede that the objection was not directed at this specific statement of appellee, and testimony independent thereof was heard without objection to show eligibility, still the record shows that appellee, as he was authorized to do, placed on the stand some four or five witnesses besides himself and J. M. Ennis, who testified to material issues, but from each of whom he elicited the statement that the witness was working for appellant at and prior to the time of the injury. This testimony admittedly shows that appellant had the number of employees to render it eligible to carry compensation insurance, but we think of no valid objection to said statements. Therefore, we know of no remedy available to appellant to have prevented the introduction of such testimony. Gause-Ware Funeral Home v. McGinley, Tex. Civ.App., 21 S.W.2d 347.

■ Should we hold that the admission of evidence showing that appellant had eight or nine employees, under this record, was harmless error, obviously, such testimony did not disclose that appellant was not carrying compensation insurance under the law of Texas, and we encounter the following complaint:

Over the objection that the testimony was immaterial, irrelevant, and prejudicial, the appellee was permitted to testify that appellant had at the plant no notices posted of compensation insurance, and that he was never at any time advised that appellant carried such insurance. Mr. Ennis, the foreman, over the same objection, was required to testify that the appellant had about nine or ten regular employees at the time appellee was injured, but that under the law of Texas carried no compensation insurance. In our opinion, this testimony was manifestly inadmissible.

In Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Tex. 347, 43 S.W. 508, 509, the Supreme Court says: "The evidence in question in this case threw no light upon any issue properly involved in it, and was calculated solely to awaken the sympathy of the jury, and thereby to swell the damages to be awarded by the verdict. Counsel for the plaintiff evidently thought it would have some effect in plaintiff's favor, else he would not have insisted upon its admission over the objection urged on part of the defendant. The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside, and a new trial awarded."

In Bain Peanut Co. of Texas v. Pinson et al., Tex.Com.App., 294 S.W. 536, 537, the court says: "Where improper testimony in its nature calculated to prejudice is permitted, the appellate court must presume that harm resulted therefrom, unless it affirmatively appears from the record that it did not. The same rule of law applies to the introduction of improper evidence over objection as is applicable to improper remarks of counsel in argument or misconduct of the jury. Bell v. Blackwell (Tex.Com.App.) 283 S.W. 765;

Britain v. Rice (Tex.Civ.App.) 183 S.W. 84. The rules promulgated by the Supreme Court should not be construed to require that a judgment obtained by unfair prejudicial means should stand. Fairness is essential in all trials in the courts and no rule can interfere with the right of a litigant to a fair and impartial trial. The error of the court in permitting this testimony was not harmless."

In Bell et al. v. Blackwell, 283 S.W. 765, 767, Judge Speer, speaking for the Commission of Appeals, says: "There being error in the proceedings through which plaintiffs in error lost their case, the cause should be remanded, unless it affirmatively appears from the record that such error was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect. There is no reason to hold that this rule should apply to errors of the court in admitting or rejecting evidence and to errors of the court in passing upon the misconduct of the jury, and to deny that it applies to errors of the court in his rulings upon arguments of counsel to the jury."

In Putnam Supply Co. et al. v. Chapin, Tex.Civ.App., 45 S.W.2d 283, this holding is followed by the Eastland court in an opinion by Chief Justice Hickman, and the holding of the Eastland court was approved by the Supreme Court in 124 Tex. 247, 76 S.W.2d 469, 470, in an opinion by Judge Sharp in which, among other things, he says:

"It is not the policy of the law to impose the burden of showing harmless error upon the person whose rights have been transgressed. That burden rests upon the person in whose favor the transgression was made. * * *

"The test to be applied is whether or not, under all the facts and circumstances surrounding the trial, the verdict has been probably affected by the use of the pleadings in violation of the statutes. The burden rests on the party receiving the benefit therefrom to show that the error was harmless."

Allowing the appellee to plead that appellant had failed to obtain and carry compensation insurance, which implied eligibility to become a subscriber under the law, and admitting testimony to show that appellant was a nonsubscriber, were errors by which appellee proved the fact that appellant had not complied with the law for the protection of its employees. The jury gave appellee the exact amount of damages he sought to recover; the testimony on the material questions was contested, and on the defense of inherent dangers the testimony would have amply supported a finding for appellant, and had the jury so found, a recovery would have been defeated.

In West Lumber Co. v. Smith, Tex.Com. App., 292 S.W. 1103, 1105, it is held: "An employer is not permitted to excuse his own negligence on the ground that the employee knew thereof and by continuing in such employment assumed the risk of such negligence. But it is still true that no recovery can be had from a nonsubscriber where no negligence on his part is shown, but where the injury is due to risks inherent in a given employment."

Under this record and the law, we are not, in our opinion, authorized to hold that the errors committed where harmless.

 Appellant challenges as erroneous, because it assumes the existence of a controverted fact and is on the weight of the evidence, special issue No. 10, given by the court, which reads as follows: "What amount of money do you find from a preponderance of the evidence, if paid in hand at this time, would reasonably compensate plaintiff for the injuries he sustained, if any?"

It is obvious that the court in this issue did assume that appellee was entitled to recover some sum of money. City of Amarillo v. Rust, Tex.Civ.App., 45 S.W. 2d 285, 286, and authorities cited; Cannady v. Martin, Tex.Civ.App., 69 S.W. 2d 434, and authorities cited. Since the judgment is reversed and such error may be readily corrected on another trial, we deem it unnecessary to determine whether the instructions and explanations by the court following the submission of this issue was sufficient to render such assumption harmless.

Appellant's assignment assailing as erroneous the court's definition of "dangers inherent in the work" is overruled. While this definition might be improved, it was not so erroneous as to constitute reversible error. Rio Bravo Oil Co. v. Matthews, Tex.Civ.App., 20 S.W.2d 342, 343.

 Appellant's assignments complaining of the refusal of the court to direct a verdict in its behalf and the insufficien-

cy of the testimony to support the findings of the jury are overruled.

The original opinion is withdrawn.

The judgment is reversed, and the cause remanded.