## McCLUSKEY et al. v. KEATHLEY et ux.
### No. 13599.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 26, 1937.

Rehearing Denied Jan. 14, 1938.

Cantey, Hanger & McMahon, J. A. Gooch, and James C. Wilson, Jr., all of Fort Worth, for appellants.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

Mrs. Belle Keathley went upon the ninth floor of an office building in the city of Fort Worth on a business mission. After the purpose of that mission had been accomplished, she undertook to go down one story of the building, to the eighth floor, for another business purpose. A passenger elevator was in operation for carrying persons from one floor to another; there was also a stairway leading from the ninth floor down to the eighth floor. Instead of going to the eighth floor on the elevator she undertook to go down the stairway, and in so doing she fell, and in skidding down the steps she sustained personal injuries. Her husband, E. F. Keathley, instituted this suit against the several individuals alleged to be the owners of the building to recover damages resulting from the injuries so sustained.

Upon a trial of the case before a jury plaintiffs recovered a judgment against the

defendants in the sum of $5,500, from which the defendants have prosecuted this appeal.

The defendants named in plaintiffs' petition, and against whom judgment was sought, were Josephine Shannon and her husband, Ogden Shannon, Dan Yarborough, Eva Anne McCluskey and Billie Hall McCluskey, with allegations that they were the owners of the building in which Mrs. Keathley, wife of plaintiff E. F. Keathley, sustained injury, and same was operated by them as partners for profit from rents accruing from the leasing of offices therein; that the building was furnished with elevators, halls, lights, and stairways for use by tenants and their clients, customers, and patrons visiting them on business; that on May 25, 1931, plaintiff's said wife visited the office of Mr. Lipscomb, an attorney, on the ninth floor of the building on professional business, and hence was defendants' invitee, to whom they impliedly represented that the hallway on said ninth floor and stairway leading therefrom to the eighth floor were safe and in a proper condition for her use, and that the hallway was properly lighted.

Plaintiff sought a recovery for Mrs. Keathley's injuries, suffered when she fell down the stairway, on two separate theories of defendants' negligence: First, the presence of wet mop rags on the floor of the hall at the head of the stairway, left there "by defendants, their agents, servants and employees," and which caused her feet to slip, resulting in her being thrown down the stairway; second, the failure to have the hall sufficiently lighted to enable her to discover the presence of the wet mop rags on the floor at the head of the stairway, on which she slipped and was thrown down the stairway and injured.

After allegations of the facts recited, plaintiff concluded as follows: "That each of said acts of defendants, aforesaid in providing inadequate lights, and in leaving the said space in said hallway, and bundle of wet rags or wet mop in same at said time, constituted negligence, and each of said acts of negligence was a proximate cause of the injuries to plaintiff's wife herein."

The jury returned the following findings:

On the occasion of her said visit in the building mentioned Mrs. Keathley sustained a fall while on the ninth floor; she was injured by the fall and sustained damages as a result thereof in the sum of $5,500. Her injury was not the result of an unavoidable accident; nor was she guilty of contributory negligence in any of the particulars pleaded by the defendants.

None of those findings is challenged by appellants, and therefore they will not be further noticed.

The only assignments of error presented are addressed to the following special issues submitted to the jury and their findings thereon, which were the primary predicate for the recovery awarded—omitting the usual instructions that certain of the issues are to be answered in the event only of certain answers to preceding issues:

"4. Do you find and believe from a preponderance of the evidence that the defendants, their agents, servants or employees, left upon the ninth floor of the building in question, near the stairway, any damp mop rags? Answer: Yes.

"4a. Do you find and believe from a preponderance of the evidence that Mrs. Belle Keathley stepped upon the damp mop rags, if any, left by defendant, if you have so found, and slipped and fell? Answer: Yes.

"5. Do you find and believe from a preponderance of the evidence that the leaving by defendants, their agents, servants or employees, of damp mop rags on the floor at the time and place in question, if you have so found, was negligence, as that term has been defined herein? Answer: Yes.

"6. Do you find and believe from a preponderance of the evidence that such negligence, if any you have found in answer to the foregoing issue, was a proximate cause of the injury, if any, sustained by Mrs. Belle Keathley? Answer: Yes.

"7. Do you find and believe from a preponderance of the evidence that defendants in this cause exercised ordinary care to keep the space where the accident, if any, occurred, adequately lighted? Answer: No.

"8. Do you find and believe from a preponderance of the evidence that the way and manner you find such place was lighted was negligence? Answer: Yes.

"9. Was such negligence, if any you have found in answer to the foregoing issue, a proximate cause of the injuries, if any, sustained by Mrs. Belle Keathley? Answer: Yes."

Mrs. Belle Keathley testified that she went to Mr. Lipscomb's office on the ninth floor to have him do some notarial work for her. After that was done, which was about 12 o'clock noon, she started for the eighth floor on another business mission; went down the hallway to the elevator, which she planned to board, but, failing to receive immediate response to her signal therefor, she decided to use the stairway, located a few feet to the side of the elevator. She testified that on the floor of the hall at the head of the stairs there was "some sloppy mop water," "mop rags," "mop water and mop rags," on which she stepped, which caused her feet to slip before she reached the stairs, and by reason of such slipping she was pitched down the stairway and her back was seriously injured by coming in contact with the steps as she skidded down the stairs. According to her further testimony, the heel of one of her shoes was knocked off by the slipping of her foot on the floor of the hall before she reached the stairs; she crawled back up the stairs and called Mr. Lipscomb, who had left his office and was about to take the elevator, telling him she was hurt; Mr. Lipscomb then took her back to his office, where she laid down on a divan while he went down and had the heel of her shoe that had been knocked off replaced.

Miss Maurine Buchanan, stenographer in Mr. Lipscomb's office, was introduced by plaintiff and testified that the floors of the building were mopped every morning with wet mop rags, followed by brushing brooms, and that work was done in the morning; that a negro named "Harry" was in charge of the work which sometimes was finished as late as 10 o'clock in the morning. Her testimony on that issue was the only evidence introduced by plaintiff and none was introduced by the defendants.

Before the submission of the special issues to the jury, counsel for defendants urged objections thereto. One of the objections to issue No. 4 was that it permitted the jury to find that the mop rags were left by defendants themselves, or by some of their agents, servants, or employees; and the overruling of that objection to the issue is assigned as reversible error.

■■ Since the only testimony offered on the issue was that of Miss Buchanan tending to show that the damp mop rags were left by the porter "Harry," the inquiry should have been whether they were left by him or some one working under his direction, in accordance with the familiar rule that issues submitted must be confined to such of the pleadings as are supported by evidence introduced. 33 Tex.Jur. § 198, p. 655; 41 Tex.Jur. § 235, p. 1038.

■ Furthermore, within the broad scope of the issue, the jury were left free to indulge an inference that the rags were left by some one of the defendants, or by some other unidentified agent, servant, or employee, regardless of whether or not that act was within the scope of his employment; all in the absence of any evidence to support such an inference. In the absence of a showing that that error in issue No. 4 was harmless, injury to defendants must be presumed and the assignment of error thereto must be sustained for that additional reason. Bell v. Blackwell, Tex.Com.App., 283 S.W. 765, cited and followed in numerous cases, such as Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S.W. 808; Floyd v. Fidelity Union Casualty Co., Tex.Com.App., 24 S.W.2d 363; Fidelity Union Casualty Co. v. Cary, Tex.Com.App., 25 S.W.2d 302; Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033; Lumbermen's Reciprocal Association v. Wilmoth, Tex.Com.App., 12 S.W.2d 972; Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.2d 469.

■ Whether Mrs. Keathley's fall down the stairway was caused by the slipping of her feet when she stepped on wet mop rags in the hall as she approached the head of the stairs, as testified by her, was a disputed issue. The jury could reasonably have concluded that her missing shoe heel was knocked off by striking the edge of one of the stair steps and that her fall was the result of tripping therefrom. Hence defendants' objection to issue No. 4a, because of its inclusion of two ex parte issues, first, whether Mrs. Keathley stepped and slipped upon wet mop rags in the hall, and, second, whether or not as the result thereof she was caused to fall down the stairway, was meritorious; and the assignment addressed to that issue on that ground is sustained.

Mrs. Keathley further testified that the hall was poorly lighted and she did not think any lights were on, but did not testify that she looked at the floor of the hall as she approached the head of the stairway and, by reason of inadequate lights in the hall, failed to discover the presence of the wet mop rags on which she slipped.

Miss Buchanan testified that the electric lights in the hall on the ninth floor of the building had been turned off in the morning before the accident happened, and after they were turned off the hall was dimly lighted, but there was a window in the ceiling above the stairs through which light was reflected on the stairway.

■ Defendants objected to submission of issues Nos. 7, 8, and 9, on the grounds that the same were in the nature of a general charge and on the weight of the evidence. Those issues, presenting as a separate ground of recovery the inadequacy of lights in the hall as actionable negligence, omitted an inquiry as to the alleged causal connection between the lack of adequate lighting and the injury; such allegations being that by reason of inadequacy of lights in the hall Mrs. Keathley was unable to discover the presence of the mop rags before she stepped upon them. The submission of those three issues assumed such causal connection between defective lighting and the injury, which was a necessary predicate for the further finding that the lack of adequate lighting in the hall was the proximate cause of the injury, and therefore issue No. 9 was subject to the objection urged by defendants as being on the weight of the evidence. Indeed, as noted above, Mrs. Keathley did not testify that before reaching the head of the stairway she looked at the floor where she was walking and for lack of lights did not discover the mop rags before stepping upon them. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162. Another valid objection to those issues was that they were on the weight of the evidence in assuming that the lights had been turned off by some employee of defendants acting within the scope of his employment, or else had been off for such length of time that defendants, in the exercise of ordinary prudence, should have made such discovery.

For the reasons stated, the assignment of error addressed to the issues Nos. 7, 8, and 9 as a whole, and specifically to issue No. 9 is also sustained.

For the errors pointed out, the judgment of the trial court is reversed, and the cause is remanded without a determination of the merits of other assignments presented in appellants' briefs, because unnecessary.