## TEXAS LIFE INS. CO. v. JORDAN et ux.

### No. 15397.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 19, 1952.

Rehearing Denied Jan. 16, 1953.

A. D. Mabray, Waco, for appellant.

McGown, Godfrey, Logan & Decker and Quin P. Courtney, Jr., Fort Worth, for appellees.

CULVER, Justice.

This is a suit on a life insurance policy to recover death and double indemnity benefits because of alleged accidental drowning.

The insured, Monte Ray Jordan, was a member of the crew of the S. S. William F. Humphrey en route from Corpus Christi to New York. The jury found, in answer to special issues, that Jordan died on April 8, 1949; that his death was caused by accidental means to-wit, drowning; and that $1,300 was a reasonable attorneys' fee to be awarded in this cause. Judgment was entered accordingly in favor of the beneficiaries for $2,000, the face amount of the

policy, $2,000 double indemnity, $480 penalty, and $1,300 attorneys' fees.

The appellant has presented some twenty-one points of error which substantially raise only three complaints: (a) That depositions were permitted to be taken into the jury room by the jury during its deliberations contrary to Rule 281, T.R.C.P.; (b) the evidence is not sufficient to support the jury's finding that the insured is dead, or that his death was occasioned by accidental means; and (c) that the allowance of attorneys' fees was not supported by the evidence, and for the further reason that no proper proof of loss had been submitted or demand made for payment.

█ It is admitted that the depositions of three witnesses were gathered up with the exhibits and taken into the jury room upon the jury's retirement to consider its verdict, though no one was aware that they were being taken nor had any instructions been given so to do. On the motion for new trial, the foreman of the jury testified that the jury deliberated only thirty or forty minutes before returning their verdict into court and that none of the jurors picked up or read any of the papers taken into the jury room. It seems clear, therefore, that no harm could have arisen and that appellant could not have been prejudiced by the inadvertent taking of the depositions into the jury room. The point of error is therefore overruled. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; West v. Houston Oil Co. of Texas, 56 Tex.Civ.App. 341, 120 S.W. 228; Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.2d 469; Rule 434, T.R.C.P.; Rule 503, T.R.C.P.

The principal point in the case is whether or not the evidence is of sufficient probative force to support the finding by the jury that the insured is dead and that the death was caused by accidental means.

The captain of the vessel, the chief engineer, and another member of the crew testified by deposition. On the night of April 7, 1949, while the vessel was some forty miles from nearest land, Jordan was last seen about eleven-thirty as he left the engine room and went into the fire room. At five-thirty in the morning of April 8, 1949, it was reported to the captain by the first assistant engineer that the insured was missing. The captain searched the vessel thoroughly, its course was reversed, additional lookouts were posted, radiograms were sent to all vessels in the vicinity and to the United States Coast Guard at Norfolk, Virginia, to look out for man lost. At the time of the alleged disappearance, the vessel was some forty to ninety miles from shore in water from three hundred to four hundred fathoms deep. It docked at the port of New York on the 9th of April, 1949. The insured was about eighteen years of age, single, apparently in good health, seemingly in cheerful frame of mind, and with no mental abnormalities.

█ Appellant cites Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Koenig v. Marti, Tex.Civ.App., 103 S.W.2d 1023; Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, which cases lay down the general rule that a mere surmise or suspicion of the existence of facts will not support a jury verdict and that there must be more than a mere "scintilla" of evidence to make out a case on the facts. Appellant presents no authorities which apply this sound rule of law, while on the contrary, appellees cite a number of cases which seem to bear out their contention that the evidence introduced in this case is sufficient to support the jury's verdict. In some of these cases the facts do not seem to be as convincing as those in the case at bar. Anderson v. Inter-State Business Men's Accident Ass'n, 354 Ill. 538, 188 N.E. 844; Occidental Life Ins. Co. v. Thomas, 9 Cir., 107 F.2d 876; Harvey v. Fidelity & Casualty Co., 6 Cir., 200 F. 925; Policyholder's Nat. Life Ins. Co. v. Harding, 8 Cir., 147 F.2d 851.

The case of Jackson v. Wallace, Tex.Civ. App., 239 S.W. 698, cited by appellant, holds that in a civil suit the death of a party may not be proved by primary and positive proof but may be established by proof of circumstances from which the jury can infer that he is dead. See also Southland Life Ins. Co. v. Norwood. Tex.Civ.App., 76 S.W.2d 166.

Appellant vigorously argues that when last seen the insured was in the hold of the

ship, a place of safety, and not in a perilous position. We think that whether he was last seen in the hold or on deck would not matter. The insured had just been relieved from duty by the seaman who last saw him. The disappearance took place between eleven o'clock at night and four o'clock the following morning and a thorough search of the vessel did not produce his body, nor has he ever been seen since that time. We are not concerned with possibilities but with probabilities and it would seem highly improbable, under the facts here related, that this disappearance could be accounted for in any other way than by his having fallen overboard and drowned. We think the minds of reasonable men could hardly differ.

Where circumstances of an insured's death are unknown, or in the absence of satisfactory evidence as to whether the death of a person is accidental or suicidal, there arises a presumption against suicide and the burden of proving the defense of suicide is on the insurer. Mutual Life Ins. Co. v. Hayward, Tex.Civ.App., 27 S.W. 36; Mutual Life Ins. Co. v. Ford, 61 Tex.Civ.App. 412, 130 S.W. 769; Southland Life Ins. Co. v. Lloyd, Tex.Civ.App., 21 S.W.2d 1071, error refused; Southland Life Ins. Co. v. Brown, Tex.Civ.App., 121 S.W.2d 653. No evidence having been introduced which would tend to prove suicide, the presumption therefore supports the finding that the death of the insured in this case was accidental.

Inasmuch as a member of the bar testified that an attorneys' fee of " * * * somewhere around a third of the amount involved, would be of a somewhat customary fee for that kind of work," we think there is sufficient evidence to support the jury's finding of the allowance of the attorneys' fee of $1,300.

The right of an insurance company to require that a demand for payment be made and proofs of loss furnished is for the purpose of furnishing information to the company so that it can properly make its independent investigation and guard against fraud. 24 Tex.Jur., p. 1088. The record discloses that appellees did all that could be reasonably required. Proof of loss on forms furnished by the company, and signed by the beneficiaries, was made to the company on the 18th day of June, 1949. The company also had a letter from the United States Attorney General under date of August 5, 1949, setting forth the result of the investigation made by the Federal Bureau of Investigation, and was furnished a casualty report made by the master of the S. S. William F. Humphrey to the United States Coast Guard under date of April 9, 1949. On December 8, 1949, the appellees made a written demand upon the company for the payment of the death benefit of $2,000 and the additional double indemnity benefit of $2,000. A letter from the company to appellees under date of August 25, 1949, offered to make some kind of a settlement but definitely refused to pay according to the terms of the policy. We are of the opinion that under the facts here proved, the company was liable for the penalty and attorneys' fees provided in Vernon's Tex. Civ.Stats., Insurance Code, Art. 3.62. National Life Ass'n v. Parsons, Tex.Civ.App., 170 S.W. 1038.

The complaint by appellant of certain remarks made by the judge to the representative of the company and also to the company's counsel is overruled. Even if the remarks were not justified, they were made out of the presence of the jury and it is not shown how the action of the jury in its verdict could have been affected thereby.

Appellant, in his fifth point, asserts the court erred in overruling its objections and exceptions Nos. 1 to 10, inclusive, of the court's charge without pointing out any particular error, but asked the court to review all of the ten objections and the eight pages of the same. This point is stated much too generally and does not comply with Rules Nos. 321, 322 and 374, T.R.C.P. Roeser v. Coffer, Tex.Civ.App., 98 S.W.2d 275; Bauguss v Bauguss, Tex. Civ.App., 186 S.W.2d 384, writ refused, w. m.

All points of error presented by this appellant are overruled and the case is in all things affirmed.