S. J. ROGERS et al., Appellants,

v.

Jerome W. BROUGHTON, Appellee.

No. 12811.

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1955.

Rehearing Denied April 13, 1955.

Keith, Mehaffy & McNicholas, Beaumont, Hyde, Barber & Shireman, Corpus Christi, for appellants.

Charles G. Lyman, Corpus Christi, for appellee.

NORVELL, Justice.

Appellants, S. J. Rogers and N. Jay Rogers, doing business as Texas State Op-

tical Company, brought this suit against Jerome W. Broughton, seeking to restrain appellee from using the trade name "Texas Optical" in connection with his business. A prior and similar suit arose from appellee's operations in Waco, Texas. See, Rogers v. Broughton, Tex.Civ.App., 250 S.W.2d 606.

In the present case, the following special issue was submitted to the jury and answered in the negative, viz.:

"Do you find from a preponderance of the evidence that a person with such reasonable care and observation as the public is capable of using and may be expected to exercise, would mistake or confuse defendant, Dr. Broughton's place of business known as Texas Optical in Corpus Christi, Texas, as being a place of business of Texas State Optical and deal with Texas Optical when such person intended to deal with Texas State Optical?"

Judgment for appellee was accordingly rendered, and appellants present the case here upon two points of error asserting that judgment in their favor should have been rendered non obstante veredicto and, in the alternative, that the judgment should be reversed because of improper jury argument.

It appears that appellants reside in Beaumont and are doctors of optometry. They conduct a retail optical business in some twenty-nine cities in Texas. In all but two of these cities they operate under the name and style of Texas State Optical Company. They opened a place of business in downtown Corpus Christi in 1937 and advertised extensively in order to build up good will for their trade name. During the time appellants have been operating in Corpus Christi they have filled some 150,000 prescriptions and spent approximately $100,000 in advertising their trade name, Texas State Optical Company. In 1953 Dr. Broughton opened a competing firm at a place known as Six Points, which is located a few miles from downtown Corpus Christi. He designated his business as "Texas Optical" and displayed a sign using these words upon a background map of the State of Texas. There was testimony as to confusion and misunderstandings in regard to the identity of the competing firms, misdelivered mail and the like. It also appears that some people were under the impression that the Six Points establishment of Dr. Broughton, the Texas Optical, was a branch of the older firm located downtown—the Texas State Optical Company.

The evidence adduced by appellants would have supported a finding in their favor upon the issue of confusion. There was, however, testimony to the contrary and it can not be said upon the record that reasonable minds could not differ upon the issue. The trial court correctly overruled appellants' motion for judgment non obstante veredicto. King v. King, 150 Tex. 662, 244 S.W.2d 660; Rogers v. Broughton, Tex.Civ.App., 250 S.W.2d 606.

As above indicated, it was essential to appellants' cause of action that they establish public familiarity with their trade name. This necessary proof disclosed the expenditures of large sums of money for advertising purposes and demonstrated that appellants had built up and were operating an extensive optical business. The transcript contains three bills of exceptions. From the first two it appeared that appellee's attorney in his argument to the jury designated the appellants as the "Rogers combine." He likewise referred to appellant S. J. Rogers as a "strong arm man." Neither statement was objected to and there was some evidence of an altercation between Dr. S. J. Rogers and Dr. Broughton. In the absence of objection, these two bills present no reversible error.

The third bill concededly presents a more serious questions. Appellee's counsel referred to appellants as "the colossus of Beaumont, the great Rogers Brothers." This time an objection was made, and appellee's counsel, instead of withdrawing the improper remark or affording the judge an opportunity to rule upon the objection, continued his argument by stating, "I say

that's what the evidence shows. They have 29 or 30 places in Texas. They opened up in Nueces County, and the evidence shows they spent over $100,000.00 in advertising, and counsel objected when I tried to show what they have spent state-wide. I say colossus of Beaumont, * * *." The objection was renewed and this time the judge admonished counsel by saying, "Counsel, that's enough." Whereupon appellee's counsel continued in a rather grumbling but not necessarily improper fashion by saying that, "They (appellants) adopt the attitude they can do anything they want to, they can upset anybody else's apple cart they want to, but nobody else can do it but them, because they are the Rogers." These last remarks evidently had some allusion to the operations of the appellants in Houston. The bill does not show that appellants requested the trial judge to instruct the jury not to consider the reference of appellee's counsel to the "Beaumont colossus" or any other remarks deemed improper.

Prior to the adoption of the 1941 Rules of Civil Procedure, the rule generally followed in determining whether an improper argument constituted grounds for reversal was that set forth in Chaplin v. Putnam Supply Company, 124 Tex. 247, 76 S.W.2d 469, 470, wherein it was said that "when improper argument has been made, the adverse complaining party is entitled to a reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it reasonably appears no prejudice resulted."

■ After the adoption of the rules, various Courts of Civil Appeals construed the "reasonable doubt rule" as still being in effect, holding inferentially that Rule 434 was inapplicable to an improper jury argument. This was probably due in part to the circumstance that New Rule No. 327 was adopted relating specially to jury misconduct, and old Rule 62a, from which Rule 434 was largely taken, had not been construed as applying to improper argument. Texas Employers' Ins. Ass'n v. Drayton,

Tex.Civ.App., 173 S.W.2d 782; American Employers' Ins. Co. v. Kellum, Tex.Civ. App., 185 S.W.2d 113; Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, affirmed, 144 Tex. 568, 192 S.W.2d 143; Alpine Telephone Co. v. McCall, Tex.Civ. App., 195 S.W.2d 585; Price v. Pelton, Tex. Civ.App., 199 S.W.2d 249; Whitsett v. Whitsett, Tex.Civ.App., 201 S.W.2d 114; Associated Employers Lloyds v. Landin, Tex.Civ.App., 205 S.W.2d 662. In Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629, it was indicated, however, that the rules relating to the admissibility of evidence, jury misconduct and improper argument were on the same basis, insofar as reversible error was concerned, and that it was essential to show probable prejudice. In Fauth v. First National Bank of Granbury, Tex.Civ.App., 214 S.W.2d 168, a conflict of decisions upon the point was noted. The matter was definitely set at rest by the Supreme Court in Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600, which directly holds that Rule 434 is applicable to cases of improper argument and that in order to support a claim of reversible error it is necessary to show that "the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

■ It is generally held that an error occasioned by a jury argument which is improper because inflammatory is "curable" in that the prejudicial effect thereof may be ordinarily obviated by the sustaining of an objection or by the giving of an instruction or admonition relative thereto. Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557 244 S.W.2d 197. This general rule of curable error relating to inflammatory arguments is subject to exceptions, Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Texas Employers' Ins. Ass'n v. Haywood, Tex., 266 S.W. 2d 856, but the argument in this case falls within the general rule. The appeal to prejudice because of the size of appellants' operations and apparent wealth was improper, as was the action of counsel in persisting in his prejudicial appeal and not af-

fording an opportunity to the trial judge to rule upon an objection properly before the court. Such conduct may result in prejudice which would necessitate the vacation of a favorable judgment. The danger of speaking out of turn in the circumstance mentioned was recognized years ago in Willis & Bros. v. McNeill, 57 Tex. 465, citing Berry v. State, 10 Ga. 511, 522.

██ It appears, however from the bill of exceptions that the trial judge sustained appellants' objection and that no further action was requested of him by appellants. The remark of the judge, "Counsel, that's enough," was directed to counsel for appellee and, coming immediately after appellants' second objection, must have been understood by the jury as an expression of disapproval of counsel's action, and if such was not the clear purport of the remark, then the duty devolved upon counsel to request a clarification. Texas Compensation Ins. Co. v. Ellison, Tex.Civ.App., 71 S.W. 2d 309. It seems to be the rule in this State that when the error occasioned by an improper argument is curable and an objection thereto is *sustained*, a claim of reversible error cannot be predicated upon the failure to give a special instruction or admonition with reference thereto in the absence of a request therefor. The sustaining of an objection to an argument impliedly carries with it an indication of disapproval and if more be required an appropriate request should be made. In cases of *curable* error the judgment will not be reversed when it appears that the trial court has sustained the objections made and given all requested instructions with reference to the argument complained of. The rule requiring reversal under such circumstances applies only when the error is "incurable." Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197.

In Bonner v. Glenn, 79 Tex. 531, 15 S.W. 572, Mr. Justice Gaines, speaking for the Supreme Court, said:

"It is further complained that 'the court erred in permitting plaintiff's counsel, in his argument to the jury, to state that "there were more empty sleeves and lost legs in this country now, produced by railroads, than there was immediately after the war".' The words were spoken in the opening argument. Upon being objected to as being improper, the court sustained the objection. If this was not deemed sufficient to remove any effect upon the minds of the jury, counsel for appellants should have asked a special instruction directing the jury that the matter referred to was not proper for their consideration. If refused, a bill of exceptions could have been taken, embodying the facts which made the charge pertinent. But if a charge was proper, its omission would not, in the absence of a special request, be a ground for a reversal of the judgment."

In Galveston H. & S. A. Ry. Co. v. Easton, 257 S.W. 924, 926, this Court followed the rule of Bonner v. Glenn, and in an opinion by Chief Justice Fly, it was said that, "the court *sustained* the objection to (the argument), and appellant seemed satisfied with the action of the court and made no effort to have the jury instructed not to pay any heed to it. If appellant was not satisfied with the ruling that the argument was improper, an instruction to the jury should have been asked on the subject."

For the reasons stated, we conclude that appellants' points fail to disclose a reversible error and the judgment of the trial court is accordingly affirmed.