FEDERAL UNDERWRITERS EXCHANGE V.
MRS. ELLIE B. BICKHAM ET AL.

No. 7708. Decided December 3, 1941.
Rehearing overruled January 7, 1942.
(157 S. W., 2d Series, 356.)

*Touchstone, Wight, Gormley & Touchstone, Benbow, Saunders & Holliday,* all of Dallas, and *Leveret J. Able,* of Houston, for plaintiffs in error.

When counsel for defendant read that portion of their pleadings which informed the jury that the industrial accident board had awarded compensation, the court should have declared a mistrial and discharged the jury. Fidelity Union Casualty Co. v. Cary, 25 S. W. (2d) 302; Kelley v. Faith, 168 S. W. 869; Texas Emp. Ins. Assn. v. Phillips, 62 S. W. (2d) 313.

*Saunders & McElRoy,* of Center, for defendant in error.

Where plaintiff in its petition specifically alleged that its suit was for the purpose of setting aside an award of the In-

dustrial Accident Board in favor of the defendants, it was not error upon preliminary examination to inform the jury of the nature of the suit for which they were being selected and to inform them that the burden devolved upon defendants to prove the things necessary to entitle them to recover, no further reference being made as to the nature or character of the award as to its purport, effect or contents. Maryland Casualty Co. v. Overstreet, 42 S. W. (2d) 160; Texas Indemnity Co. v. Beal, 35 S. W. (2d) 1054; Travelers Ins. Co. v. Peters, 14 S. W. (2d) 1007.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workmen's compensation case. The opinion of the Court of Civil Appeals will be found in 136 S. W. (2d) 880.

While counsel for the widow and minor children of the deceased employee was examining the jury panel on *voir dire*, he made the following statement:

"This suit was brought by Federal Underwriters Exchange to set aside an award made by the Industrial Accident Board and it is tried 'de novo' in this Court and the burden of proof is upon the claimants to prove the things necessary to entitle them to recover, regardless of what it is, just to show that they were entitled to recover."

Thereafter, the same counsel read to the jury a part of his petition, which reads as follows:

"And if said award and compensation to which they are entitled were paid to them in a lump sum instead of weekly payments the cross-plaintiff, Mrs. Ellie B. Bickham, shows that she could and would, for the benefit of her and her minor children, take the proceeds thereof and invest the same for the use and benefit of her minor children in good interest bearing securities and from the income derived therefrom she would be able to rear and properly educate her said children."

Upon the making of the above statement, and the reading of the above paragraph of the petition, the insurance company's motion for a mistrial was denied. This is assigned as error. It is contended that the above statements had the effect of in-

forming the jury that the Industrial Accident Board had decided the case in favor of the claimant, and that this constituted reversible error.

We recognize it as a sound rule that upon a trial *de novo* it is improper for counsel to disclose to the jury the decision previously made by another jury or board in the same case. 41 Tex. Jur., 779; Commercial Standard Ins. Co. v. McGee, 40 S. W. (2d) 1105 (syl. 11); City of Pampa v. Todd (Com. App.), 59 S. W. (2d) 114; Attaway v. Mattax (Tex. App.), 4 Wilson 39, 14 S. W. 1017; Gelley v. Fain, 168 S. W. 869; Texas Employers' Ins. Assn. v. Downing, 218 S. W. 112 (writ refused).

It will be noted, however, that while the statement here complained of did disclose that the suit had been brought by the insurance company to set aside the award of the Industrial Accident Board, it did not disclose what the award was. Moreover, it is obvious from the record that the above incident in no wise improperly influence the jury in this case. During the course of the trial it was admitted in open court that the employee received injuries resulting in his death, while working in the course of his employment in the drilling of a well in an oil field. The company's policy covered Gray as employer, and the evidence showed that Gray had employed the injured employee to work for him in drilling the well. While the insurance company attempted to prove that two other parties were partners with Gray in the contract to drill the well, it wholly failed in this respect. It did prove that the other parties referred to and Gray were joint owners of the lease, but the evidence showed without dispute that Gray alone contracted to drill the well. There was also some evidence tending to show that one Burton took over the drilling of the well prior to the time the employee was injured, but the great weight of the evidence tended to show that Burton did not take over the contract until after the injury. There was a dispute as to the daily wage of the injured employee, but this went only to the amount of the award and not to the question of the liability or non-liability of the insurer. Under the facts of this case, it is hardly probable that the mere statement that the suit was brought by the Federal Underwriters Exchange to set aside an award of the Industrial Accident Board resulted in any material injury to the insurance company.

We do not wish to be understood as approving the conduct of counsel in any case in placing before the jury, either

directly or indirectly, the fact that the award had been favorable to the claimant. We merely hold that under the facts of this particular case what was said did not result in any material injury to the insurance company.

That part of the petition above referred to, which was read to the jury, did not disclose the effect of the award of the Industrial Accident Board, and therefore the reading thereof presents no reversible error.

We have examined all other assignments and find no reversible error.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered December 3, 1941.

Rehearing overruled January 7, 1942.