## ASSOCIATED EMPLOYERS LLOYDS v. LANDIN.

### No. 2602.

Court of Civil Appeals of Texas. Eastland.
Oct. 17, 1947.

Rehearing Denied Nov. 7, 1947.

James Little, of Big Spring, for appellant.

Bob Huff, of Lamesa, for appellee.

LONG, Justice.

Appellee Refugio Landin was an employee of the Lamesa Cotton Oil Company at Lamesa, Dawson County, Texas. On or about February 18, 1946, he sustained an accidental injury while in the course of his employment for said Company. The Industrial Accident Board of Texas made its

final award on appellee's claim for compensation on the 5th day of July, 1946, and within the time prescribed by law, the appellant, the insurer, Associated Employers Lloyds, filed this suit in the District Court of Dawson County, seeking to set aside such award. Appellee answered such suit, filed his cross action and became the cross plaintiff wherein he alleged that the injuries sustained by him were total and permanent. Thereafter, a jury verdict in Special Issues resulted in a judgment in favor of the appellee allowing compensation for total and permanent disability from which judgment the insurance company has duly appealed.

At the outset of the trial, the appellant filed a motion that it be non-suited on its action and the court entered an order dismissing the cause of action of the appellant.

While the attorney for appellee was examining a prospective juror on his voir dire and in the presence and hearing of the jury, he told the jurors that the pending cause was one by Associated Employers Lloyds against Refugio Landin and that his client, the Mexican boy, Refugio Landin, was not suing the insurance company but that the insurance company was suing the Mexican boy. Appellant objected to such statement by counsel which objection was sustained by the court and the jurors were instructed by the court to disregard the remark.

After the jury had been impaneled but before the pleadings had been read to the jury, appellant made the following motion to the court:

"Now comes the cross defendant, Associated Employers Lloyds, and respectfully moves the court to instruct the attorney for cross plaintiff not to read to the jury herein the following allegations contained in his first amended cross action herein, to wit:

" 'Defendant further shows that on the 5th day of July, 1946, the Industrial Accident Board of Texas made its final award on this claim for compensation, and that within twenty days after said award the plaintiff filed this suit in this court against this defendant.' (Said allegations being found in paragraph IX of the first amended cross action of said cross plaintiff).

"For the reason that such allegations in such cross action advised the jury herein that this cross defendant appealed from the award of the Industrial Accident Board herein, and therefore advises the jury that the Industrial Accident Board entered an award in favor of the cross plaintiff herein, from which award this cross defendant appealed. And in connection with this motion, cross defendant would point out to the court that on an appeal from the award of the Industrial Accident Board that the trial is de novo, and that it is improper for the jury to be advised of which party the Industrial Accident Board found in favor of, and that such allegations are highly prejudicial to the rights of this cross defendant and that such allegations should not be read to the jury herein."

The court overruled such motion and appellant duly excepted. The attorney for appellee read such allegations to the jury.

Counsel for the appellee in his closing argument to the jury used the following language:

"Mr. Little, in starting, your fair company had an opportunity to come in here and do what is right. Do you know who filed this lawsuit? Yes, and you know why we are in court. Defendant Landin is here defending his rights, and as the charge goes to you, he is the cross plaintiff."

Appellee objected to the argument as made, which objection was overruled by the court and to which ruling appellant duly excepted. The appellant contends that the matters detailed above had the effect of conveying to the jury the information that the Industrial Accident Board had rendered an award in favor of the appellee. It is apparent that its contention is correct.

■ In an appeal from an award of the Industrial Accident Board, the trial is de novo. It has been held by our courts many times that it is highly improper for the jury to be advised as to which party the Industrial Accident Board had ruled in favor of. As said by Chief Justice Alexander in the case of Federal Underwriters

Exchange v. Bickham et al., 138 Tex. 128, 157 S.W.2d 356, 357:

"We do not wish to be understood as approving the conduct of counsel in any case in placing before the jury, either directly or indirectly, the fact that the award had been favorable to the claimant."

■ We are of the opinion that all of the matters complained of when taken together, conveyed to the minds of the jury the information that the Industrial Accident Board had made a favorable award to the appellee. The pleadings on this point did not state specifically that the award of the Board had been favorable to the appellee. Further, the statement of counsel to the jurors did not within itself convey such information but the information contained in the pleadings and the statement of counsel being climaxed by the argument to the jury wherein counsel stated that in starting, the insurance company had an opportunity to come in and do what was right. Then the question by counsel to the jury, "Do you know who filed this law suit?" And counsel's answer to his own question, "Yes, and you know why we are in court. Defendant Landin is here defending his rights and as the charge goes to you, he is the cross plaintiff," undoubtedly impressed upon the minds of the jury that the Industrial Accident Board had ruled in favor of the appellee and that the insurance company had appealed therefrom in an effort to defeat the payment of such award.

The trial court qualified the bill of exception with reference to the argument complained of and in such qualifications stated that counsel for appellee was of the opinion that his argument was made in answer to certain argument made by counsel for appellant.

The court set out that portion of the argument as made by counsel for the appellant, that appellee contended he was answering.

We have carefully read the bill of exception and the court's qualification thereto, and we are of the opinion that the argument made by counsel for appellant did not invite or provoke the argument complained of and that the argument was not a proper reply to the argument as made by counsel for appellant.

■ The issue as to the extent of the injury sustained by appellee was hotly contested, there being much evidence in the record pro and con on this question. Counsel for the insurance company admitted in his argument to the jury that appellee had sustained an injury but further contended that he was not totally and permanently disabled. The medical testimony from the standpoint of the company was that he was not totally and permanently disabled. On the other hand, the evidence offered by appellee was to the effect that his disability was total and permanent.

Under the record as made, and in view of the fact that the issue as to the extent of the injury of the appellee was disputed, we are of the opinion that the matters complained of constituted reversible error. We cannot hold that they were not harmful, but on the contrary, it is our opinion that all these matters, when taken together, show that harm resulted to the appellant by reason thereof. Therefore, it is our duty to hold that reversible error is shown. Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302.

■ Counsel for appellee in his closing argument to the jury made the following statement:

"Why, I would not say this very minute that that Mexican (referring to cross plaintiff who was seated at the counsel table) knows what you gentlemen are here for. He just asked an amusing remark, Mr. Little, he asked me yesterday afternoon when the judge was going to testify."

The court sustained the objection to such argument and instructed the jury not to consider it. We believe that the argument constituted reversible error. It was calculated to lead the jury to believe either that appellee was injured so badly that he did not know what he was doing or that he did not have sufficient mental ability to feign injury or disability. Appellee was claiming that he was seriously hurt but appellant was contending in effect that though injured, he was pretending to be more seriously hurt than he actually was.

The argument was an unsworn statement by counsel, not based upon any fact in evidence in the case.

We believe that the argument was of such a nature that the instructions of the court not to consider it did not render its harmful effect free from doubt. Robbins et al. v. Wynne, Tex.Com.App., 44 S.W.2d 946; Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.2d 469; American Employers' Insurance Company v. Kellum, Tex.Civ.App., 185 S.W.2d 113; Texas Employers' Insurance Association v. Drayton, Tex.Civ. App., 173 S.W.2d 782; Triangle Cab Company v. Taylor, Tex.Civ.App., 190 S.W.2d 755.

■ By other points appellee contends that there is no evidence in the record or in the alternative that the evidence is insufficient to establish the average weekly wage of appellee under any of the subdivisions of Section I, Article 8309 of Vernon's Annotated Civil Statutes.

We have carefully reviewed the evidence adduced and are of the opinion that there is no merit in this contention. Although there is not much evidence on this issue, in our opinion, it is sufficient to raise a question of fact for the determination of the jury. Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031; Traders & General Insurance Co. v. Crouch, Tex.Civ.App., 113 S.W.2d 650; Traders & General Insurance Co. v. Huntsman, Tex. Civ.App., 125 S.W.2d 431; Federal Underwriters Exchange v. Porterfield, Tex.Civ. App., 182 S.W.2d 847.

■ Appellant objected to the following Special Issue No. One:

"Do you find from a preponderance of the evidence that the cross plaintiff sustained an accidental personal injury or injuries on or about February 18, 1946?"

The grounds for such opinion being that it permitted the jury to consider an injury or injuries which were not supported by the evidence.

A similar objection was made to the following Special Issue No. Two:

"Do you find from a preponderance of the evidence that the injury or injuries, if any, sustained by cross plaintiff was sustained by him while working as an employee of the Lamesa Cotton Oil Company?"

We believe that the objections as made were not well taken and overrule the points based thereon under the following authorities: Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Postal Mutual Indemnity Co. v. James, Tex.Civ.App., 154 S.W.2d 148.

The other points raised by appellant will probably not occur on another trial. We, therefore, deem it unnecessary to discuss them.

It is our opinion that the judgment of the trial court should be reversed and the cause remanded to the trial court for a new trial.

Judgment reversed and cause remanded.