## LOONEY v. TRADERS & GENERAL INS. CO.

### No. 15154.

Court of Civil Appeals of Texas.
Fort Worth.

June 30, 1950.

Rehearing Denied July 14, 1950.

736

E. W. Napier, Wichita, Falls, for appellant.

Dawson, Jones & Parish, Wichita Falls, Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

SPEER, Justice.

Appellant E. E. Looney instituted this suit to recover workmen's compensation for an alleged injury to his heart received while in the course of his employment against Traders & General Insurance Company, carrier of compensation insurance for appellant's employer. The petition contained all necessary allegations for setting aside the award of the Industrial Accident Board theretofore made and to mature appellant's claim of compensation for total and permanent disability resulting from the alleged accidental injuries.

In so far as is necessary to here say, appellee's answer consisted of a general denial and specially that appellant received no accidental injury while in the course of his employment; that if he did receive any such injuries, which was denied, such injuries were neither total nor permanent and that the injuries complained of by appellant were solely from disease or natural causes.

Trial was to a jury upon fourteen special issues, which inquired separately and distinctly of each and every issue raised by the petition and answer. All issues were answered very definitely in favor of appellee. A take nothing judgment was entered on the verdict. This appeal followed.

Reversal is sought on two points of assigned error. The first reads: "The court erred in overruling plaintiff's motion to declare a mistrial after the defendant's attorney had informed the jury that the plaintiff had lost his case at a former trial."

To clarify the first point it is necessary to state briefly its background.

This case had been tried once prior to the trial from which this appeal came. The former trial began in the forenoon of October 27, 1948; appellant's wife was present and he expected to use her as a witness; during the noon hour she was taken ill, had a doctor to examine her, who stated to the court in effect on the next day that the wife was then unable to attend court and perhaps would not be able to do so for several days. With these disclosures, appellant filed a motion asking for a postponement of the trial or for an order declaring a mistrial. The motion contained what the wife was expected to testify, showing its materiality, and further contained all the requisites of a first motion for continuance. For the purpose of this appeal, further details are not thought necessary. The court overruled the motion and appellant excepted. We may assume that the trial went on to a verdict or judgment.

The record before us contains the motion for continuance at the former trial but it is nowhere disclosed in the record whether or not the case was being tried to a jury. However, appellant in this appeal in his brief referring to the former trial says: "The trial resulted in a verdict and judgment against the plaintiff." Appellee does not challenge the quoted statement and we may assume that the statement is correct. Rule 419, Texas Rules of Civil Procedure. The plaintiff, appellant here, filed a motion for new trial after the conclusion of the first trial, relying alone upon the action of the court in overruling his motion. The judgment was set aside and a new trial was granted.

The relevancy of the foregoing to this appeal arose when certain testimony had been introduced as statements made by Mrs. Looney concerning the origin of her husband's heart ailment. Mrs. Looney did not

hat Mrs. Looney had said caused her husband's heart attack and did not introduce it at the former trial. He testified in effect that he did not offer the testimony at the former trial because plaintiff had presented a motion for continuance on account of the absence of his wife but that the wife was not in attendance as a witness at the present trial and no motion had been made to continue the case on that account, and furthermore, her depositions were in evidence at the present trial, and for that reason the testimony was offered. In a colloquy between Mr. Napier, counsel for appellant, and Mr. Jones, counsel for appellee, and while the latter was still testifying the following took place:

"Q. (by Mr. Napier) Today you did prove it (a statement made by Mrs. Looney as to the cause of plaintiff's heart attack) by Dorsey and his wife?

"A. (by Mr. Jones) Yes and you do not have a motion for continuance in here today.

"Q. Mr. Jones, the court overruled the motion for continuance (at the first trial) didn't he?

"A. He did but he granted you a new trial later."

Appellant objected to the answer and moved the court to declare a mistrial. The court retired the jury; in the absence of the jury appellee's counsel argued that appellant's counsel had gone into an apparent error of the court at the first trial and his inquiries about those transactions brought about the answer to which he was then objecting and upon which he based his motion for a mistrial and therefore could not complain of the answer, and besides that no harm could result from the answer as made.

Appellant's counsel then specifically pointed out to the court that his objection and motion went to that part of the answer, "but he (the court) granted you a new trial later," and argued that that part of the answer necessarily implied that the plaintiff had lost the case on the former trial and was obliged to ask for a new trial. The objection and motion were overruled and appellant excepted.

The foregoing briefly forms the basis for the first point of error above set out.

█ It is the settled rule of law in this state that upon a subsequent trial of a case, or upon a trial de novo from the Industrial Accident Board, or from an inferior court, it is improper for counsel to disclose to the jury the decision made at a former trial, the award made by the Industrial Accident Board, or the decision in the inferior court. Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.2d 356; Associated Employers Lloyds v. Landin, Tex. Civ.App., 205 S.W.2d 662, writ refused, n. r. e.; Texas Employers Insurance Association v. Brown, Tex.Civ.App., 226 S.W.2d 233, writ refused, n. r. e. Many previous decisions on the proposition are collated in these opinions. The cited cases especially involved the effect of revealing to the jury the nature, effect and contents of the award made by the Industrial Accident Board and the courts there discussed at length the effect of comments and emphasis upon such awards made by the Board. There are indications that some of the cases turn upon whether or not such references and comments probably affected the verdict of the jury. However, we think it safe to say, more especially in cases like this where there has been a previous trial, no disclosure should be made to the jury which would reveal to them what a previous court or jury did in deciding the case at a former trial. Our conclusions expressed in this case are made with the stated rule in mind and are applicable only to the facts of this case and others presenting the same factual situations.

We have already stated that appellant's petition was one in which he sought to have the trial court set aside an award and ruling theretofore made by the Industrial Accident Board in this case. While the petition alleged that a certified copy of the award was attached to the petition and made a part thereof for all purposes, it is not to be found in the transcript before us, and we may assume that the jury heard and knew no more than what was stated in the petition as now appears in the transcript.

We do not know from the record what that award or ruling was, whether it denied appellant compensation in any sum or whether it made an award to him which he considered less than he was entitled to. We do know that the appellant was dissatisfied with it and promptly appealed to the district court.

■■ It has often been held that such appeals, disclosing that an award had been made by the Board, when its contents are not revealed, present no reversible error. In short, a party will not be penalized for doing a thing the law specifically authorizes him to do. Southern Underwriters v. Erwin, Tex.Civ.App., 134 S.W.2d 720.

The record before us is replete with many facts and circumstances which inevitably led the jury to know that there had been a previous trial of this case. The manner in which certain questions were asked of witnesses clearly revealed it, in such instances where counsel inquired if the witness did not testify to so and so upon the former trial of this case. The jury knew that for some reason the case was being tried again. The very question asked by appellant involved in the point under consideration brought squarely before the jury that upon the first trial appellant presented a motion for mistrial and a continuance.

Then it comes down to the issue of whether or not appellee's counsel, while testifying, informed the jury of the result of the decision made at the former trial of the same case. Referring to the former trial, appellant's counsel asked opposing counsel while a witness this question: "Mr. Jones, the court overruled the motion for continuance didn't he?" Mr. Jones answered: "He did but he granted you a new trial later." This is all the jury heard with reference to a new trial, the only thing complained of by appellant here.

Counsel for appellant interprets the answer above quoted to "clearly inform the jury that at a former trial the plaintiff lost his case." His point under consideration asserts error of the court in overruling plaintiff's motion to declare a mistrial after "defendant's attorney had informed the jury that the plaintiff had lost his case at a former trial."

■ It is quite clear to us that the answer of counsel did not reveal to the jury what decision, verdict or judgment was had or entered at the former trial. Nor from the language used does it necessarily follow that the witness informed the jury that appellant had lost his case at first trial. True, the answer did disclose one thing that happened, that is, that the court granted a new trial later. In asking the question pointed out above appellant's counsel likewise disclosed another thing that happened upon the trial, that is, that he made a motion for continuance and the court overruled it, but neither the question nor answer, nor did both together, inform the jury as to whether appellant lost his case.

■■ There is more than one reason why the answer did not inform the jury of the judgment entered or the decision made at the first trial. In the first place, a trial court has the power and authority during the trial of a case to change his rulings previously made and thus give the parties an opportunity to reap the benefits, if any, by such changed ruling. But when, in cases like this, he has improperly overruled a motion for continuance which cannot be cured by changing his ruling during the trial, and upon reaching the conclusion that his ruling was improper, he has the authority and it becomes his duty to stop the trial and declare a mistrial, which, in their nature, is to grant or order a new trial. In such circumstances as mentioned, the court should have done precisely what the witness disclosed by the answer complained of and it could not be said that the witness informed the jury that appellant had lost his case, as con-

tended by appellant. Second, we are not informed what the verdict and judgment were in the first case, it may have been for a lesser recovery than appellant was willing to accept, and by filing a motion for new trial he was laying the necessary predicate, under Rule 324, T. R. C. P., for an appeal from that judgment, and in response to the motion the court granted him a new trial, as was stated by the witness. In either circumstance instanced by us, it would not follow or mean that the attorney-witness informed the jury that appellant had lost his case at a former trial, as contended here by appellant.

We are not inclined to broaden or detract from the settled law which prohibits a party from informing a jury of the results and decisions had and made at former trials of the same case. It is a wholesome rule for more reasons than space will permit enumerating. Yet, we will not distort the situation now before us so as to bring it within the rule when such is not justified.

The testimony material to appellant's recovery was just about as conflicting as could be imagined. The testimony of appellant as to how, when and under what circumstances he claims to have received an accidental injury to his heart was contradicted by a disinterested lady witness who said she was at the house and saw and talked to appellant at the time he claims to have received his injuries; then too, the jury had testimony before it to the effect that within two or three days after appellant went to the hospital, in talking to his friends, among whom was his employer, he made no claim of having received an injury out on the oil lease as claimed by him at the trial, but they testified that he and his wife told the witnesses that he was stricken at home with acute indigestion from eating a green banana. Appellant was called in rebuttal after these witnesses had testified and did not contradict them. There is no apparent reason why the jury should disbelieve the very damaging testimony given by the three disinterested witnesses last referred to, when appellant did not deny it when he was recalled to the stand for rebuttal testimony.

Second point challenges the act of the trial court in refusing to allow appellant to postpone closing his testimony until the following day to enable him to procure and offer the testimony of a named witness, as presented in his bill of exception No. 2.

By reference to the bill of exception, it appears that the case had been on trial from Monday through Thursday until about 4:00 o'clock P. M., when defendant (appellee) rested its case, and appellant had offered certain testimony in rebuttal and stated to the court he only had one more witness, a Mr. Williams, and asked that he be called. The witness was called but did not respond and after search being made by the bailiff he could not be found. The court inquired of appellant's counsel if the witness had been subpoenaed and was advised that no subpoena had been issued nor was the witness sworn with the other witnesses, but that he had been in attendance since Tuesday under a promise to counsel that he would appear and testify. It was then learned through other witnesses that Mr. Williams had gone home to Burkburnett during the afternoon to look after an oil pump under his charge. Appellant's counsel advised the court that he had no other witness and would rather not close without the witness Williams and that he would have him in court next morning. The court refused to extend the time until next day to obtain the witness and advised counsel he could perfect his bill of exception later. This was done and incorporated in the bill in a statement by counsel as to what he expected to prove by the witness, and counsel's statement in this respect is as follows: "If the said Fred Williams were present he would testify among other things, that about eight days after the injury he heard Herman Dorsey and Les Dorsey discuss the plaintiff's injury and in that conversation the said Herman Dorsey said to Les Dorsey that he, Herman Dorsey, had just come from Dr. Sullivan's office and that Dr. Sullivan had said that he did not think the plaintiff was entitled to compensation insurance but that he, the said Herman Dorsey, told the doctor to go ahead and fix up the insurance papers anyway."

As we view the testimony appellant proposed to offer if the court would postpone the case until the next day, it would not have been admissible for the reason it was clearly hearsay; it was not in rebuttal to anything the witness Herman Dorsey had testified. If the purpose of the proposed testimony was to impeach or contradict the witness Dorsey, no predicate had been laid at the time Dorsey was testifying, and for that reason it would not have been admissible. There is nothing in the record to indicate that appellant proposed to recall the witness Dorsey for the purpose of laying such a predicate. It the court had postponed the hearing until the next day and appellant had then offered the proposed testimony of Williams, he would have found it necessary to recall Dorsey for the purpose of laying the predicate for impeachment; Dorsey also lived in the vicinity of Burkburnett and thus additional time would have been required, and even then if Dorsey had been recalled and the questions asked him about which appellant sought to impeach him by Williams and Dorsey had admitted making the statement imputed to him, then Williams' testimony would not have been admissible. The trial court, perhaps, took all these things into consideration when he denied the request to postpone closing the testimony for the procurement of attendance by Williams.

 It is the responsibility of the trial judge to see that the business coming into his court is disposed of in an orderly manner according to the laws and rules of procedure applicable thereto. In observing these matters, many of the rules of procedure to properly effectuate these purposes are largely within his judicial discretion and when that discretion has been exercised appellate courts will not disturb it unless it is made to appear that his discretion has been abused. When the instant case was before the court and all things were considered, whether or not justice required that the case be postponed another day to enable appellant to attempt to procure the attendance of a witness who had not been subpoenaed or otherwise recognized by the court in such way that his attendance could be enforced by the court, and the further consideration of the nature of the testimony appellant sought to procure from said witness, we do not consider that the court abused its judicial discretion in refusing the postponement. See Missouri K. & T. Ry. Co. of Texas v. Price, 48 Tex.Civ.App. 210, 106 S.W. 700, writ refused.

After a careful study of this whole record, we have concluded that no reversible error is presented by the points relied upon herein and that the judgment of the trial court should be and it is affirmed.

Affirmed.