## HIGHWAY INS. UNDERWRITERS v. PHILLIPS.

### No. 6534.

Court of Civil Appeals of Texas. Texarkana.

Nov. 2, 1950.

Rehearing Denied Nov. 23, 1950.

Strasburger, Price, Holland, Kelton & Miller, Dallas, Boyet Stevens, Daingerfield, for appellant.

Collins, Dies, Garrison & Renfrow, and James H. Moore, all of Lufkin, George E. French, Daingerfield, for appellee.

HALL, Chief Justice.

This action arose as a suit by appellant to set aside an award by the Industrial Accident Board in favor of appellee. By her answer and cross-action appellee averred that she was the widow of Paul G. Phillips, who was killed May 2, 1949, while working as an employee of the Gulf Southwestern Transportation Company (hereinafter referred to as the Transportation Company). Appellee prayed for compensation in a lump sum. Appellant answered that deceased was not an employee of the Transportation Company but an independent contractor.

Upon the jury's verdict judgment was rendered for appellee for the maximum benefits allowed under the law, payable in a lump sum.

Appellant contends first, that the trial court erred in refusing to hold, as a matter of law, that the deceased was an independent contractor and not an employee of the Transportation Company. The deceased was employed by the Transportation Company to haul iron ore, with his own truck, from an ore pit to the Lone Star Steel Plant located in Morris County. The Transportation Company used many trucks to carry out its contract with the Steel Company to supply it with iron ore. Some of the trucks were owned by the Transportation Company and were driven by men employed by it, while other trucks (referred to as "leased trucks") used by the Transportation Company were owned and driven by the owners, or men employed by the owners, and were paid by the ton. Deceased owned and drove his truck and was paid 31½ cents per ton to haul ore from the pit to the steel plant. Deceased met his death on the night of May 2, 1949, while driving a loaded gravel truck from the ore pit to the steel plant. It is the contention of appellant that deceased was an independent contractor and not an employee. The appellee contends that deceased was an employee of the Transportation Company as shown by the control exercised over him during the time he hauled ore for the Transportation Company.

■ The record discloses that drivers in deceased's class were required to haul one week (on) nights followed by a week (on) days, and were required to drive a twelve-hour shift. They traveled a designated road from the pit to the steel plant and were required by the foreman to keep their speed around 40 miles an hour. They were required to keep certain clearance lights on their trucks, also tail lights and headlights and to stop upon entering State Highway No. 26 in going from the ore pit to the steel plant. Each was cautioned by his foreman not to pass other trucks at or near the ore pits but to take his turn in getting loaded. The deceased was also required by the foreman to stop and throw rocks out of the road which had fallen from any gravel truck. He, as well as other leased truck drivers, was required to buy his oil and gas from the Transportation Company.

He was also required to pull in any broken-down gravel truck he encountered on the way from the pit to the steel plant, whether it belonged to the Transportation Company or a leased truck owner. The deceased was instructed by his foreman Ferrell that if anything got wrong with the lights on his truck to have them repaired at the Transportation Company's shop near by. He was also instructed by his foreman to take his truck and haul gravel and fill in holes on the road maintained by the Transportation Company over which he hauled ore. Ferrell, the foreman, testified that he had supervision over all trucks, both company owned and leased; and that he gave to all of them the same instructions. The deceased, as well as all other truck drivers, was forbidden to carry anybody on his truck except a prospective driver so he might learn the road from the ore pit to the steel plant. All leased truck drivers, including the deceased, were required to report to the foreman in case of a breakdown of the truck or if there was sickness in the family. The deceased was required in the event of a breakdown of his truck to get it removed off the highway to be dumped. The record shows other instructions were given to all the drivers, including those driving company trucks and those driving leased trucks. Testimony to the same effect as above is in the record by other witnesses than Ferrell. But the facts indicated above are sufficient in our opinion to raise an issue of whether the deceased was an employee of the Transportation Company.

In Texas Employers Insurance Association v. Owen, Tex.Com.App., 298 S.W. 542, 543, discussing a state of facts somewhat similar to the evidence in this record, it is said:

"Practically the only indicium of employer and independent contractor is that the deceased owned and furnished the truck for hauling the gravel that he was engaged to deliver. But the circumstance is no more controlling than if he had insisted upon furnishing his own shovel for loading the gravel when he was otherwise employed as a common laborer by the day. *There is lacking here the indispensable*

*feature of an 'undertaking to do a specific piece of work.' There was not contemplated any completed job. It was a mere service at the will of the parties.* There are many features shown by the evidence and stated by the Court of Civil Appeals, wherein the McKnight Company had and exercised control over the deceased in the prosecution of his work. * * *

"There being evidence, then, tending to show that the deceased was an employee of the McKnight Company rather than an independent contractor, and the contract being oral (as here), there was no error in submitting the issue to the jury. * * *" (Italics ours.)

In Halliburton et al. v. Texas Indemnity Ins. Co., Tex.Sup., 213 S.W.2d 677, 679, it is stated:

"There is evidence that they also directed the Halliburtons or their employees in matters other than those connected with carrying out the specifications, such as directing them to clean up the tie-yards, saw off the bad ends of ties, fill in deep ruts in the dirt roads leading into the yards, move the gondola cars up and down the spur track by use of a pinch bar or tractor, and to pull out a truck that was stuck in the tie yard. * * *

"The supreme test in determining whether one is an employee or an independent contractor, according to our decisions and most of the modern cases, is the test with respect to the right of control." See cases cited.

Quoting further from the Halliburton case:

"A correct understanding of the 'total situation' required that the evidence and record as a whole be considered to determine who retained the right of control."

See also Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359. The authorities cited by appellant in support of this point are not in point as they are controlled by different fact situations. This point is overruled.

■ Complaint is made by appellant in its second point to the argument of appellee's counsel. It is claimed that counsel in his argument informed the jury of the legal effect of its answers to issues 1 and 7. Issue 1 was with respect to whether deceased was an employee of the Transportation Company, and issue 7 inquired whether he was an independent contractor. In appellant's bill of exception No. 1, which forms the basis of this point, the argument of appellee's attorney Moore is set out as follows: "Now I think the best way to start out and approach that problem would be to first see what our problem is, and I think touching the most important point in this lawsuit, probably the most important problem is, the most important point in this lawsuit is contained in Special Issue No. 1, and the last Special Issue, which is No. 7."

Following this the attorney read the two special issues to the jury and continued his argument:

"They had a policy of insurance, it is admitted in evidence here that they had a policy of insurance that covered all of their employees. Now then, the question is whether or not Paul G. Phillips was an employee, if he was so an employee then the policy of insurance which they had here, the policy of compensation insurance, which they had here covers Paul G. Phillips * * *.

" * * * They made him an employee themselves by their own acts, and therefore he should come under the Workman's Compensation Insurance * * *.

"Of course, Special Issue No. 7 is the issue I read to you before on the question of independent contractor. Now, gentlemen, as I said before, the most important thing in this lawsuit here, those other issues we have gone over are important and I want you to consider them very carefully, and I think you will, but this question which has been injected into this suit by the insurance company that this man was not covered."

Counsel for appellant objected to Moore's argument stating that "such argument improperly tells the jury the effect of their answers (Special Issues 1 and 7) and plaintiff moves for mistrial because of such argument."

The trial court approved the bill of exception with the following qualification:

"The remarks of Mr. James Moore wherein he stated that if Paul G. Phillips was an employee the policy of workman's compensation insurance of plaintiff covered him is withdrawn from your consideration and you will not consider it for any purpose whatever.

"And with the further qualification, that Mr. Mark Martin, one of the counsel for the insurance company, in stating the position of the insurance company to the jury, rather than reading his pleading, informed the jury that the insurance company contended that Paul G. Phillips on the occasion in question was not an employee of Gulf Southwestern Transportation Company, but was rather an independent contractor and that no premiums were paid to the insurance company on the basis of the wages paid to Mr. Phillips."

We do not think this argument presents error for two reasons: First, it is with respect to a situation which the jury as ordinary men understood before the argument. We cannot conceive of reasonably intelligent men sitting as a jury and hearing this testimony, both from appellant and appellee on these two main issues, without knowing the effect of their answers to each issue. They were bound to have known that an affirmative answer to Issue No. 1 would be favorable to appellee. That was her contention throughout the case, that her husband, the deceased, was an employee of the transportation company. Her pleadings and evidence were to that effect. And for the same reason the jury must have known that appellant was seeking to relieve itself of liability on the ground that the deceased was an independent contractor at the time he met his death. Its pleadings and evidence were to that effect as well as the statement of appellant's attorney to the jury at the beginning of the trial. Secondly, we think the argument was rendered harmless by reason of the court's qualification and withdrawing it from the consideration of the jury. This cured any error that might have resulted therefrom. Lowrance v. Kenworthy, 138 Tex. 132, 157 S.W.2d 879; Pacific Employers Ins. Co. v. Gage, Tex.Civ.App., 199 S.W. 2d 537 (writ refused, N.R.E.); Younger Bros., Inc., v. Moore, Tex.Civ.App., 135 S.W.2d 780 (writ dismissed); Fort Worth & D. C. Railway Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405; Galveston H. & S. A. Railway Co. v. Harling, Tex.Com.App., 260 S.W. 1016. In the case last cited it is said: "We cannot see how it could jeopardize the rights of the railway company for plaintiff's counsel in their argument to tell the jury something that they must have already known at the time he told it to them."

Federal Underwriters Exchange v. Bickham, Tex.Civ.App., 136 S.W.2d 880, 883, affirmed 138 Tex. 128, 157 S.W.2d 356. This point is overruled.

■ Appellant's third point complains of the argument of appellee's attorneys wherein it is asserted that they told the jury that the burden of proof was upon the insurance company to establish by a preponderance of the evidence that the deceased, Paul G. Phillips, was an independent contractor. When this argument was made, and objected to by appellant's counsel, the trial court instructed the jury at the close of the argument, and before it began its deliberations, not to consider said argument and withdrew it from the jury "that they should not consider it for any purpose whatever; and that the jury should be governed regarding the burden of proof by the charge of the court." We do not think this argument, in view of the instructions by the trial court, presents error. "The remarks complained against, if improper, were not of such a nature that the instruction could not cure same." Federal Underwriters Exchange v. Bickham, supra; United Employers Casualty Co. v. Marr, Tex.Civ.App., 144 S.W.2d 973 (writ dismissed, correct judgment).

We have carefully examined all other points brought forward by appellant and, in our opinion, they are without merit and are overruled.

The judgment of the trial court is affirmed.