## POE v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 4846.

Court of Civil Appeals of Texas.
El Paso.

Feb. 27, 1952.

Rehearing Denied March 19, 1952.

Dell Barber, Perry O. Barber, Colorado City, for appellant.

Raymond A. Lynch, Whitaker, Turpin, Kerr, Smith & Brooks, Midland, for appellee.

McGILL, Justice.

This is a workman's compensation case. Appellant Bruce O. Poe is the employee plaintiff, Odessa Natural Gasoline Company is employer, and appellee Texas Employers' Insurance Association, the insurance carrier, defendant. Trial was to a jury and on their verdict consisting of answers to certain special issues, the trial court rendered a take nothing judgment and for costs against plaintiff in favor of defendant.

Appellant presents one point of error on which he seeks a reversal:

"During cross examination of plaintiff by defendant's counsel he was asked the following question: 'After you filed your claim down before the Industrial Accident Board *and they didn't give you anything, you filed suit here in this court, didn't you?'*" Plaintiff objected to the underlined portion of the question and the court sustained such objection and instructed the jury not to consider such statement for any purpose. Plaintiff's counsel then moved the court to declare a mistrial on the ground that such statement was so inflammatory and prejudicial to plaintiff's rights that its harmful effect could not be cured by the court's instruction. This motion and plaintiff's motion for a new trial on this ground were overruled. The orders overruling these motions are the basis of appellant's point of error. Appellee's counterpoints are to effect that the error, if any, was invited and provoked by plaintiff and was cured by the court's instruction and hence harmless.

It is a sound rule recognized by the Supreme Court of this State that in a workman's compensation case upon a trial de novo in the District Court it is improper for counsel to disclose to the jury the decision previously made by the Industrial Accident Board from which an appeal is taken. Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.2d 356. The reason for the rule is the wholesome purpose of preventing the jury trying the case from being in anywise influenced by the action of the Board in the case. Commercial Standard Ins. Co. v. McGee, Tex. Civ.App., 40 S.W.2d 1105, cited in Federal Underwriters Exchg. v. Bickham, supra. As said in Texas Employers' Association v. Brown, Tex.Civ.App., 226 S.W.2d 233, loc. cit. 235, (2) (w. r. n. r. e.):

"There have been numerous cases before the courts involving this question. It has been held in some of them that it was error for the court to permit counsel for the claimant to emphasize the fact that the Industrial Accident Board had made an award in his favor, and others hold that where the information is merely brought out in the pleading as a matter of jurisdiction, and not emphasized, it is not reversible error. Commercial Standard Insurance Co. v. McGee, Tex.Civ.App., 40 S.W.2d 1105; Fidelity Union Casualty Co. v. Cary, Tex.Com.App., 25 S.W.2d 302; Texas Employers' Insurance Association v. Downing, Tex.Civ. App., 218 S.W. 112; Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.2d 356; Texas Employers' Insurance Association v. Little, Tex.Civ.App., 96 S.W.2d 677."

The pleading read to the jury by plaintiff's counsel without objection contained the following paragraph:

"'That thereafter, notice having been given to all parties at interest, a hearing was had with reference to said claim for compensation before the Industrial Accident Board of the State of Texas, and that said Board on, to-wit, the 8th day of June, 1950, did make and enter its final ruling, decision and *award* on said claim for compensation, a certified copy of which final ruling, decision and *award* is on file among the papers in this cause for

jurisdictional purposes only; and that on or about June 22, 1950, and within twenty days from the date of the rendition of said *award*, plaintiff filed written notice with the Industrial Accident Board of his intention to not abide by the said final ruling, decision and *award* of the Industrial Accident Board a certified copy of said notice being filed among the papers in this cause for jurisdictional purposes only; and that within twenty days from June 22, on to-wit, the 10th day of July, 1950, plaintiff instituted this suit in this Court for the purpose of having said *award* set aside and to recover compensation at the rate of $25.00 per week for a period of 401 weeks or a total of $10,025.00 and interest."

Appellee's position is somewhat incongruous. It asserts that appellant by reading the quoted paragraph of his petition to the jury injected into the case the decision of the Board; that by such pleading the jury was informed that appellant was unwilling to abide by the Board's decision and filed this suit to set it aside; that the question asked by defendant's counsel did no more than this or as stated in appellee's brief:

"The question asked by appellee's counsel and here complained of was to the same effect."

With this position we cannot agree; indeed, appellee refutes it in a subsequent argument where it insists that by use of the word "award" in his pleading appellant created the false impression that the Board had awarded him some compensation and that appellee was entitled to correct such false impression by the question asked. We copy from appellee's brief:

"In opening his case before the jury appellant's counsel improperly read his allegations regarding the action of the Industrial Accident Board. The effect upon the jury must have been to cause them to believe either (1) that, since appellant was suing to set aside the Board's decision, that decision was unfavorable to him, and/or (2) that, since the term 'award' was emphasized, the Board 'awarded' appellant some compensation. If the former, appellee's question or remark disclosed nothing that the jury did not already know; if the latter, then appellee was entitled to correct the false impression created by appellant."

It is quite clear, we think, that the question went much farther than the pleading which was read to the jury. In Federal Underwriters Exchange v. Bickham, supra, the statement of counsel on voir dire and the pleading read to the jury disclosed the action of the Board fully as clearly as the quoted paragraph read in this case. In fact, the only thing that it did not disclose was the amount of the award. Texas Indemnity Insurance Co. v. Halliburton, Tex. Civ.App., 235 S.W.2d 499, loc. cit. 503, (w. r. n. r. e.). That it did not disclose the effect of the award was one of the grounds on which the Supreme Court based its affirmance. The late lamented Chief Justice Alexander said [138 Tex. 128, 157 S.W.2d 356]:

"It will be noted, however, that while the statement here complained of did disclose that the suit had been brought by the insurance company to set aside the award of the Industrial Accident Board, it did not disclose what the award was. * * * That part of the petition above referred to, which was read to the jury, did not disclose the effect of the award of the Industrial Accident Board, and therefore the reading thereof presents no reversible error."

Here the pleading read to the jury did not disclose the fact that the Board had made no award in favor of appellant. We incline to appellee's view that it did leave the impression that some award of compensation had been made to him. The question asked clearly and emphatically emphasized the fact that no award of compensation had been made to appellant. Counsel for appellee in asking the question could have had no other motive than to emphasize the fact that the Board had made no such award. Appellee practically admits that this was the motive in its brief, by its contention that the question was asked to refute the erroneous impression "made by

appellant's plea that an award" of compensation had been made. Unless counsel was justified in so doing under his counterpoint hereinafter discussed, the asking of the question constituted misconduct of counsel and requires a reversal if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.2d 469; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302, Com.App. opinion adopted; American Employers' Ins. Co. v. Kellum, Tex.Civ.App., 185 S.W.2d 113, loc. cit. 116, (4, 5) (w. r. w. m.); In other words, the applicable rule is that enunciated in the Chapin and Smerke cases, and not Rule 327 R.C.P., which is applicable to misconduct of the jury. Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, loc. cit. 760 (7) affirmed 144 Tex. 568, 192 S.W.2d 143. We adhere to our rule in the last cited case, although there is authority to the contrary, holding that this rule has been changed by Rules 434 and 503 R.C.P. under which no reversal will be ordered unless the error complained of amounts to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. We feel that the Supreme Court has not unequivocally abrogated the rule of the Chapin and Smerke cases. See City of Galveston v. Hill, Tex., 246 S.W.2d 860 and authorities there cited; Fauth v. First Natl. Bank of Granberry, Tex.Civ.App., 214 S.W.2d 168, loc. cit. 171–172, and authorities there cited. (no writ history) Texas Employers' Ins. Assn. v. Crow, Tex.Civ.App., 218 S.W.2d 230, loc. cit. 234 (6, 7) Affirmed Tex., 221 S.W.2d 235.

It is true that the Chapin case was decided long before the effective date of the new Rules September 1, 1941, and that while the decision in the Smerke case was handed down December 31, 1941, the trial in the district court probably occurred prior to the effective date of the new rules. However, Rule 62a of the old rules governing Courts of Civil Appeals was in effect when both the Chapin and Smerke cases were decided and this rule is identical with the applicable portion of Rules 434 and 503 here involved. Also, the fact that Rule 327 specifically changed the prior rule requiring a reversal for jury misconduct if the reviewing court had a reasonable doubt as to whether such misconduct had resulted in injury to the complaining party so as to require such party to show that such misconduct probably resulted in injury to him, Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 but did not provide for a different rule where the error assigned was misconduct of counsel is persuasive, we think that a new rule governing misconduct of counsel was not comprehended by Rules 434 and 503. Furthermore, there is a logical reason for a more stringent rule—the rule of the Chapin and Smerke cases—where the error complained of is misconduct of counsel than where it is jury misconduct. Jury misconduct is generally not brought about by the action of either party, whereas misconduct of counsel is generally intentional infringement of the rules by the adversary. Where the complaining party is hit below the belt by his adversary it is right and just that he should be awarded another trial—a fair trial—if there is a reasonable doubt whether injury resulted. The transgressor has no just cause to complain if a new trial results because of a reasonable doubt of the injurious effect of his wrong doing. If he is penalized he merely reaps the fruit of his own iniquity; but where the misconduct is not the result of the voluntary act of the adversary party he should not be penalized by it and it works no hardship on him who complains of such misconduct to require him to show that injury probably resulted therefrom.

It may be immaterial under the facts of this case which rule is applied. We have no doubt of the result if the rule of the Chapin and Smerke case is applicable, and we think it is and so hold.

If plaintiff's pleading which he read to the jury left the false impression that the Industrial Accident Board had made an award of compensation to him as urged by appellee, and such impression was prejudicial to appellee, appellee could and should have prevented the prejudicial effect thereof by timely objection to the reading of

such pleading to the jury. This is intimated in Texas Employers' Insurance Association v. Little, Tex.Civ.App., 96 S.W.2d 677, cited by appellee, and the failure to make such objection no doubt was one of the reasons for affirmance in that case. In Associated Employers Lloyds v. Landin, Tex.Civ.App., 205 S.W.2d 662, (w. r. n. r.-e.) also cited by appellee, in which reversal was ordered, the insurance carrier moved the court to instruct plaintiff's counsel not to read the allegations in his petition which disclosed that the Industrial Accident Board had made an award and that the insurance carrier had brought the suit to set it aside, and this motion was overruled.

By failing to object to the reading of the objectionable portion of plaintiff's petition to the jury we think appellee waived any prejudicial effect thereof. Certainly by failing to object it could not acquire the right to prejudice plaintiff's case by emphasizing the fact that the Board had awarded nothing to him, as it attempted to do by the question asked.

The crucial issues in the case related to the cause and the extent and duration of plaintiff's incapacity. The jury found (1) that plaintiff sustained accidental personal injury or injuries to his body on or about November 12, 1949; (4) which caused incapacity to perform manual labor; (5) that such incapacity was total; (6) that it began November 12, 1949; (7) its duration was one week; also (12) that such incapacity was solely the result of stomach ulcers. In rendering a take-nothing judgment against plaintiff we assume that the court concluded that the specific finding (12) that the incapacity resulted solely from stomach ulcers controlled the general finding (4) that the accidental injuries caused such incapacity. A point was made below that there was an irreconcilable conflict between these findings, but this point is not urged here.

█ The evidence is undisputed that appellant received serious burns to his right leg and other portions of his body as the result of an explosion in a boiler room while in the course of his employment on May 28, 1949. He was paid compensation for these injuries by appellee for several months and made a final settlement for them for $1250, which was approved by the Industrial Accident Board and paid by appellee on November 14, 1949. On November 12, 1949, while walking on a catwalk in the yard of his employer, an oil reclaimer exploded when appellant was about ten feet from it and there is evidence that the force of the explosion was terrific, that it blew the reclaimer weighing 1500 pounds some 150 feet, where it lodged in the tower of the plant some twelve feet from the ground; that plaintiff was blown 25 or 35 feet in the air and landed on his side and back on some pipe. The testimony as to the cause and extent and duration of his injuries was sharply conflicting. There was evidence that he had suffered from stomach ulcers for some time prior to any accidental injury and that he had later been operated on for stomach ulcers. Dr. W. R. Snow, for the plaintiff, found evidence of arthritis through all the dorsal vertebrae, and displacement of the spinus process of the fifth lumbar vertebra, and a separation of the left sacroiliac joint, and arthritis and spurring of the lower part of the third, fourth and fifth lumbar vertebrae, also arthritis in the joint space of the right ankle and other evidence of injury not necessary to detail. In answer to a hypothetical question he testified that it would be reasonable to conclude and assume that the type of injury testified to by him could result from the accident of November 12, 1949; that in his opinion the arthritis was the result of the injuries received on November 12, 1949; that he thought appellant was totally disabled and that such disability was permanent. Drs. Hestand, Rainer & Lunn for defendant testified that in their opinion plaintiff was able to work. It was shown that he had been employed for practically seventeen months out of the eighteen months which elapsed between November 12, 1949 and the date of the trial. During a large portion of this time he performed heavy manual labor. He testified that he did not feel equal to this kind of labor but did so from the force of necessity. The question asked by counsel, notwithstanding the court's instruction, could not help but

**624**

leave a lasting impression with the jury that the Industrial Accident Board had considered his case and found his claim without merit. Southwestern Greyhound Lines v. Dickson, 236 S.W.2d 115, loc. cit. 120(5, 6) and authorities there cited. (Sup.Ct.) Under the rule of the Chapin and Smerke cases we think there can be no question of a reasonable doubt as to the harmful effect of such impression. Indeed, even though we should be in error in holding that the rule of the Chapin and Smerke cases is applicable, and Rules 434 and 503 be applicable, we think the entire record reveals that the question was reasonably calculated to cause and probably did cause rendition of an improper judgment in the cause.

It is therefore ordered that the judgment be reversed and the cause remanded for another trial.

Reversed and remanded.

PRICE, C. J., did not participate.