INDUSTRIAL UNDERWRITERS IN-SURANCE COMPANY, Appellant,

v.

Rafael S. DELGADILLO, Appellee.

No. 6647.

Court of Civil Appeals of Texas, El Paso.

April 19, 1978.

Rehearing for Appellant and Rehearing for Appellee Denied May 17, 1978.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, El Paso, for appellant.

Joseph (Sib) Abraham, Jr., Duane A. Baker, Charles Louis Roberts, Merkin, Gibson & Hines, William L. Merkin, El Paso, for appellee.

### OPINION

PRESLAR, Chief Justice.

This is an appeal from an award of total and permanent compensation in a workmen's compensation case. The principal question presented is the effect of the jury panel being informed of the award made by the Industrial Accident Board in the case.

During voir dire, Appellee's counsel made the following statement:

"Now, this case comes to you from an award made by the Industrial Accident Board in Austin, Texas. The Industrial Accident Board sits; they hear whatever they consider appropriate. They make an award and then either side has the right to appeal that award from the Industrial Accident Board. In this case Mr. Jones and his insurance company, are appealing because they were unhappy as they have every legal right, they're appealing the judgment and decision of the Industrial Accident Board in Austin. * * *"

We are of the opinion that, considering the record as a whole in this case, this disclosure of the Board's award presents reversible error.

It has long been the settled rule in Texas that the admission of the award of the Industrial Accident Board into the record is

error. *Tanner v. Texas Employers' Insurance Association*, 438 S.W.2d 395 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.); *Federal Underwriters Exchange v. Bickham*, 138 Tex. 128, 157 S.W.2d 356 (1941); *Hartford Accident & Indemnity Co. v. Thurmond*, 527 S.W.2d 180 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). Questions presented, then, are whether there was a waiver of the error in this case and whether the matter is in fact reversible error.

■ The record reflects that prior to the voir dire examination of the panel, Appellant presented its motion in limine informing the Court that counsel for Plaintiff had stated that he intended to inform the jury panel that the case was presented to the Industrial Accident Board, that the Board had made an award, and that the Defendant/Insurance Company had appealed. This, the Appellant asked the Court not to permit. The Court did not rule on the motion in limine, but carried it along with the case. By agreement of counsel, and with permission of the Court, counsel for Appellant then dictated his objections in advance—"so as to avoid further prejudice of such comments in the presence of the jury." Then, on voir dire, counsel for Plaintiff/Appellee made the statement above quoted. This was followed by a motion for mistrial by Defendant/Appellant. Appellee urges that the statement, if error, is curable, and any harmful effect could be eliminated by a trial judge's instruction to the jury to disregard, and that Appellant, by failing to ask for such instructions, has waived the error. We are unable to agree that waiver occurred here where Appellant had, with permission of the Court and agreement of counsel, dictated his objections to the statement in advance and followed that with a motion for mistrial after the statement was made. A basis of the waiver rule is to prevent a party from having two bites at the same apple; if an argument is of a curable nature, an objection must be made promptly and instruction requested, or the error is waived; to do otherwise allows a party to gamble upon a favorable verdict, and then if disappointed,

afterward seek a new trial. *Tanner v. Texas Employer's Insurance Association*, supra. Appellant did not lay behind the log, but informed the Court of its objections, and we hold that no waiver occurred.

■ We turn now to the question of whether or not the statement by counsel presents reversible error. Most of our guidelines come from cases involving jury argument, but they are analogous to the situation before us in that they are both statements by counsel. The test is laid down in *Texas Employers' Ins. Ass'n v. Haywood*, 153 Tex. 242, 266 S.W.2d 856 (1954), and reaffirmed in *Texas Sand Company v. Shield*, 381 S.W.2d 48 (Tex.1964). In the *Haywood* case, the Supreme Court stated:

" * * * The true test is the degree of prejudice flowing from the argument—whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. * * *"

In *Texas Sand Company v. Shield*, supra, the Court repeated that test and then laid down the rule:

"Each departure from this degree of ethical conduct, when properly objected to and preserved for review, requires this court, under the rules and the authorities, to examine the entire record to determine whether an argument was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. It seems that lawyers, as officers of the court, would refrain from injecting into a case matters that are entirely foreign to the issues involved and which could easily, under some situations, bring about a reversal."

We have followed that rule in this case, and we conclude that reversible error is shown.

The questions presented for jury determination were the duration and extent of the injuries of the Appellee. There was no

dispute over the fact that the accident occurred and that an injury had resulted. It was stipulated that the Appellant had paid Appellee's medical bills; much evidence was presented without objection as to the injuries received by the Appellee. Appellant made no denial of some of the injuries, but did contest the claim that they caused total and permanent disability; in other words, the true contest was the extent and duration of disability. In that situation, the disclosure that the insurance company was dissatisfied and unhappy with the award gave the jury the distinct impression that that award was for total and permanent disability; that could have influenced their determination of those very issues as presented to them by the Court's Charge. While Appellee can point to much evidence as to injuries as such, that is a different story from the evidence presented as to whether the incapacity was total and/or whether such disability was permanent. As to each of the questions of whether the disability was total and whether it was permanent, there is evidence pro and con. The evidence is not decisive or compelling as to those issues. We conclude that the statement was such as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

Appellee relies on *Federal Underwriters Exchange v. Bickham*, supra, for his contention that the error, if any, was not reversible error. There, the plaintiff's attorney on voir dire read a portion of the pleadings that said: " 'This suit was brought by Federal Underwriters Exchange to set aside an award made by the Industrial Accident Board.' " Unlike the case before us, the main issue in the case was not the extent and duration of the injury sustained by the employee, for it was a death action. The Court held that the reading of that part of the petition did not disclose the effect of the award of the Industrial Accident Board, and therefore the reading presented no reversible error. The Court noted that it was obvious from the record that the incident in no wise improperly influenced the jury in the case; that during the course of the trial, it was admitted in open Court that the employee received injuries resulting in his death. It is well to note that the Court also said:

"We recognize it as a sound rule that upon a trial de novo it is improper for counsel to disclose to the jury the decision previously made by another jury or board in the same case. * * * [citing numerous authorities]."

The Court also said:

"We do not wish to be understood as approving the conduct of counsel in any case in placing before the jury, either directly or indirectly, the fact that the award had been favorable to the claimant. We merely hold that under the facts of this particular case what was said did not result in any material injury to the insurance company."

That the decision was in fact limited to the facts of that case was established some five years later when the Supreme Court found no reversible error in the decision by the Eastland Court of Civil Appeals in the case of *Associated Employers Lloyds v. Landin*, 205 S.W.2d 662 (Tex.Civ.App.—Eastland 1947, writ ref'd n. r. e.). In that case, the claimant's attorney, on voir dire examination of the jurors and in argument to the jury, disclosed that the Board made an award to the employee and that the insurance company was appealing that award. The Eastland Court of Civil Appeals said:

"Under the record as made, and in view of the fact that the issue as to the extent of the injury of the appellee was disputed, we are of the opinion that the matters complained of constituted reversible error. * * *"

Appellee also places reliance on *Texas Employers Ins. Ass'n v. Poe*, 152 Tex. 18, 253 S.W.2d 645 (1952), wherein counsel for the insurance company asked the plaintiff the following question:

" 'After you filed your claim down before the Industrial Accident Board *and they didn't give you anything*, you filed your suit here in this court, didn't you?' "

That case is distinguishable from ours in that the plaintiff's objection to this ques-

tion was sustained, the question was never answered, and the trial Court instructed the jury not to consider the question. The Supreme Court also noted that the plaintiff pled and read to the jury the fact that he did not intend to abide by the award of the Industrial Accident Board, so that the jury already knew that plaintiff was dissatisfied with the Board's award. It then held that, under the circumstances of the case, the question was not so inflammatory that it could not be cured by the trial Court's instructions, and that because of the Court's instructions, it was not error requiring a reversal.

In view of the fact that this case must be tried again, we turn to Appellant's Point of Error Number Three on the question of the admissibility of the "Notice of Injury and Claim for Compensation" filed with the Industrial Accident Board by Appellee. Under the facts as presented at this trial, the instrument would be admissible for the limited purposes of impeachment of Appellee's testimony as to injuries later claimed. *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651 (1952).

The judgment of the trial Court is reversed and the cause is remanded for another trial.